Nov. Term,
1850.

MILLER and Others *v.* BURGER.

A constable was legally appointed and qualified, and was subsequently elected his own successor, but never qualified under said election, and continued to act as such officer. *Held,* that, under the R. S. of 1843, he held over until his successor should qualify.

A president judge is competent to hold a Court alone.

Where the transcript shows that the judges were all present at the commencement of the term, but is silent as to whom of them were present at a subsequent day of the term, at the rendition of judgment and the filing of a bill of exceptions, and where the bill of exceptions is signed by the president judge alone, it will not be presumed that the associates were present at the filing of the bill; and if the fact is otherwise, the party objecting must get the record amended in the Court below.

ERROR to the *Hendricks* Circuit Court.

PERKINS, J.—*Burger* sued *Miller* and *Nave* in trespass for taking certain personal property. The defendants pleaded specially that judgments were obtained before a justice of the peace against said *Burger;* that executions were issued thereon, and placed in the hands of said *Miller,* a constable, who sold the property in question by virtue thereof; and that *Nave* became the purchaser at said sale, which was the trespass, &c.

Replication, that the defendants committed the trespass of their own wrong, &c.

Judgment for the plaintiff below.

The only question in the case is, whether *Miller,* who made the levy and sale set up in the plea, was a constable.

The bill of exceptions states that "in 1847, *Miller* was appointed by the proper county authority, a constable of the proper township, and was qualified by giving bond and taking the oath according to law; that in 1848 he was elected his own successor, at the regular township election, but never qualified under said election, and continued to act and be recognized as constable. It was during the period that he thus acted after the election of 1848 that the levy and sale in question were made," &c.

The Court below held that he was not, during said time, a constable, and that he and *Nave* were trespassers.

*Friday,*
*November* 29.

MILLER
v.
BURGER.

| 2 | 337 |
| 130 | 126 |

| 2 | 337 |
| 148 | 167 |
| 151 | 560 |

The law under which *Miller* was appointed in 1847 is as follows :

"Whenever a vacancy shall happen in the office of constable in any township by," &c., "the board of county commissioners shall, at," &c., "appoint a suitable person to fill such vacancy until," &c., "and until a successor be appointed and qualified." Section 287, p. 910, R. S. Under this section, according to the decision in *Tuley* v. *The State*, in this Court, *November* term, 1849, (1) *Miller*, under his appointment in 1847, would hold over till his successor should be elected and qualified. It is stated in the bill of exceptions that a successor had not been qualified. It follows that *Miller* was constable, at the time of the levy and sale in question, under his appointment in 1847.

We notice another point heretofore decided in this cause on motion. At the *November* term, 1849, of this Court, a motion was made in this case, and in *Cheek* v. *Morton*, to strike from the records, respectively, the bills of exceptions, because they were signed by the president judge only. The motion, in each case, was overruled, upon reasons assigned in writing, with the view of settling the practice in this Court, upon this point, it being one often arising; but those reasons, not being recorded by the clerk, have not come to the knowledge of the profession generally. We therefore repeat them here.

"The transcript commences as follows: Pleas begun and held, at, &c., before the president and associate judges, &c., at the term of *April*, 1848.

"The transcript also states that afterwards, at the term of *April*, to-wit, on the 20th of *May*, 1848, the cause was submitted to the Court and judgment rendered for the plaintiff.

"It is further stated in the transcript that, at the *April* term aforesaid, to-wit, on the 22d of *May*, in the year last aforesaid, the defendant filed the bill of exceptions in question.

"The transcript thus shows that, at the commencement of the *April* term, 1848, the three judges were present,

but it is silent as to what judges were present subse-
quently, when the judgment was rendered, and when
the bill of exceptions was filed.   The plaintiff below
contends that, as all the judges were present when the
term commenced, it must be presumed that they con-
tinued to be present during the whole term, the tran-
script not showing the contrary; but we do not think
so.   As the circuit judge was competent to hold the
Court, and as the bill of exceptions is signed and sealed
by him alone, we think the legal presumption is that he
was alone on the bench when the bill was presented.   If
the fact was otherwise, the party objecting to the bill
must get the record amended in the Court below."

*Per Curiam.*—The judgment is reversed with costs,
Cause remanded for further proceedings, &c.

*C. C. Nave,* for the plaintiffs.

*A. A. Hammond* and *J. S. Harvey,* for the defendant.

(1) See 1 Carter's Ind. R. 500.