STEWART and Another *v.* THE STATE, for the use of School District No. 2, &c., in *Dearborn* county.

It is unnecessary to examine the validity of a special plea where all the evidence admissible under it has been admitted under the general issue.

*A.* was elected, at the regular election in 1849, a district trustee, under s. 39 of the act of 1849, to increase and extend the benefits of common schools. No election was held in 1850. *Held,* that *A.* was thereby continued in office, and that an appointment by the township clerk of another person in his stead, under the act of 1850, amendatory of said section, was void.

APPEAL from the *Dearborn* Circuit Court.

ROACHE, J.—Debt on the official bond of *Stewart*, as treasurer, for school purposes, of a township.

The declaration alleges that a school had been kept in the district for more than three months, with an average of seventy scholars. That one *Walizer*, the trustee of the district, furnished the teacher a certificate of the fact, in accordance with the requisitions of the 10th section of "An act to increase and extend the benefits of common schools," approved *January* 17th, 1849; see acts 1849, p. 126; and that for his services, the teacher was entitled to the sum of 56 dollars and 75 cents. The teacher presented the certificate at a proper time and place to *Stewart*, and demanded payment, but was refused.

Trial by jury. Verdict and judgment for the plaintiff below.

Several pleas were filed, on which issue was taken.

To the fifth plea a demurrer was sustained. That plea denies, under oath, that the certificate and order set out in the declaration, were made by the trustee of said school district. It is unnecessary to examine its validity, as all the evidence which could have been given under it was admitted under the general issue.

The question which was litigated on the trial was, whether, according to the evidence, *Walizer* was, at the date of the certificate, *April* 23, 1851, the trustee of the district.

It appeared in evidence that *Walizer* had been elected at the regular election in *September*, 1849; that notice was duly given for the *September* election, 1850, but that no election was held; that on the 1st of *April*, 1851, the clerk of the township trustees appointed *John Huber* trustee of the district.

The question depends upon the construction of the statutes relating to the office of district trustee.

Section 9, of the act of 1849, p. 126, provides that—

"The business of each district shall be transacted by one district trustee, who shall be elected annually by the legally qualified voters of the district, on the first *Satur-*

*day* of *September*, at which time also the general meetings of the voters of each district shall hereafter be held, and the said trustee shall continue in office until his successor is elected and qualified."

*Walizer* was elected and qualified in accordance with this act.

By an act approved *January* 2, 1850, the said 9th section was "so amended and extended, that where it has so happened or may happen, that no district trustee has been or shall have been elected, in the manner prescribed by said act, it shall be lawful for the township clerk to make an appointment of a district trustee, who shall serve as such till his successor shall be elected and qualified." Acts of 1850, p. 202.

By the act of 1849, under which *Walizer* was elected, he was entitled to hold the office for one year, and until his successor was elected and qualified. This latter expression has received a judicial construction by this Court. It has been decided that when the tenure of an office is prescribed to be for a given term, and until the successor shall be elected and qualified, the officer holds after the expiration of the term, and until he is regularly superseded by the election of another in his place. *Tuley* v. *The State*, 1 Ind. R. 500.—*The State* v. *Spears, id.* 515.

According to the act, then, of 1849, *Walizer* was the trustee of the district on the 23d of *April*, 1851, in consequence of the failure of the people to elect a successor in *September*, 1850.

It is contended, however, that the act of 1850 conferred upon the township clerk the power of appointing a successor. It will be found on examination, that that act has no application to a case where there has been a trustee elected by the qualified voters of the district. It, in terms, applies to those cases only where "no district trustee has been or shall have been elected in the manner prescribed by said act." In the present instance, *Walizer* was elected in the manner prescribed. He did not, consequently, fall within the provisions of the amending statute. There

was no such a vacancy as the township clerk was autho- <span>Nov. Term, 1853.</span>
rized to fill by an appointment. *Walizer* was, conse-
quently, the trustee, until displaced by a successor elected <span>EGBERT v. THE STATE.</span>
by the qualified voters of the district.

*Per Curiam.*—The judgment is affirmed, with 10 per
cent. damages and costs.

*J. Ryman,* for the appellants.