Gosman *v.* The State, *ex rel.* Schumacher.

No. 12,698.

GOSMAN *v.* THE STATE, EX REL. SCHUMACHER.

COUNTY CLERK.—*Ineligible to Hold Over After Serving Eight Consecutive Years. — Vacancy.—Constitutional Law.*—Where one has held, by election, the office of clerk of the circuit court for eight years consecutively, he can not, under the State Constitution, hold over upon the death, without qualifying, of the person elected to succeed him, but upon the expiration of such period a vacancy arises which the board of commissioners may fill by appointment. Section 2 of article 6, and section 3 of article 15, of the Constitution construed.

SAME.—*County Commissioners.—Filling Vacancy.—Special Session.*—The board of commissioners are properly convened in special session to fill a vacancy in an office, where they meet at the time and place mentioned in the auditor's writ to the sheriff, service of which they acknowledge, in which he is commanded to summon the members of the board to meet on a date six days later to fill the vacancy.

From the Dubois Circuit Court.

*F. W. Viehe, M. J. Niblack, W. A. Traylor* and *W. S. Hunter,* for appellant.

*J. E. McCullough, J. H. Miller, B. Buettner* and *O. A. Trippett,* for appellee.

MITCHELL, J.—This was a proceeding by information to determine which of two claimants was entitled to the office of clerk of the circuit court of Dubois county. There is no dispute as to the facts.

At the general election held in October, 1876, Gosman was elected for a term to commence August 18th, 1877. He qualified, took possession of the office, and at the general election held in October, 1880, was re-elected his own successor. On the 18th day of August, 1881, he entered upon his second term. At the general election held in November, 1884, Basil L. Green was elected to succeed Gosman. On the 6th day of August, 1885, after he had received his commission and filed his bond, but, without having taken the oath of office, Green died. The board of commissioners, assuming that a vacancy had occurred, appointed the relator, on the 19th day of August, 1885. He was duly commis-

sioned by the Governor, and qualified according to law. Gosman, claiming the right to hold until his successor was elected and qualified, refused to surrender the office.

Conceding that he had served eight years continuously, it is contended on appellant's behalf, that he had the right, nevertheless, to hold over until a successor was elected and qualified. As against this view, it is argued that having held the office for a period of eight consecutive years, the appellant was ineligible to continue in the office after such ineligibility attached.

The right to the office, as between the claimants, depends upon the construction to be given to section 2, article 6 (section 152, R. S. 1881), and section 3, article 15 (section 225, R. S. 1881), of the Constitution of the State. Eliminating so much as has no application to the office of clerk, the section first referred to is as follows:

"There shall be elected, in each county, by the voters thereof, at the time of holding general elections, a clerk of the circuit court. * * The clerk * * shall continue in office four years; and no person shall be eligible to the office of clerk * * more than eight years in any period of twelve years."

Section 3, of article 15, is as follows:

" Whenever it is provided in this Constitution, or in any law which may be hereafter passed, that any officer, other than a member of the General Assembly, shall hold his office for any given term, the same shall be construed to mean that such officer shall hold his office for such term and until his successor shall have been elected and qualified."

An office is the right to exercise a public function or employment, and to take the fees and emoluments belonging to it. *Waldo* v. *Wallace*, 12 Ind. 569; Bouvier Dict., Title " Office."

The right embraces the idea that the office has been created by adequate authority, that the manner of designation for, and the conditions of eligibility to, the office, as well as the

Gosman *v.* The State, *ex rel.* Schumacher.

tenure, duration, emoluments and duties pertaining to it, have been prescribed. These are requirements which grow out of the Constitution, some of the provisions of which are referred to above, and the laws designed to carry it into effect.

Whoever, therefore, asserts the right to exercise an office, must, when properly challenged, show that he combines in himself at the time all the essential conditions and requirements upon which the right depends. He must have been, and continued, eligible, and he must have been so designated for the office that the law conferred upon him a title, with which he continues to be vested.

Upon the assumption that no disqualification existed, or has intervened, the right of an incumbent, who has been duly admitted into an office, continues during the prescribed term, and until his successor is elected and qualified. This results necessarily from the constitutional provision last above quoted. The expiration of the prescribed term, the election and qualification of a successor are the conditions which terminate his right. The election and qualification to the office of clerk give an absolutely vested right to the office for a term of four years, to which is added a contingent or defeasible right to hold over until the right of a duly elected and qualified successor attaches. Until the concurrence of these events, the title of a duly qualified incumbent to the office is complete.

He holds by the same tenure, after the prescribed term, until the right of a duly elected and qualified successor attaches, as before. So long as the defeasible right to hold over continues, and the incumbent exercises it, the same conditions which would create a vacancy during the prescribed term will be required to create one during the term which he is lawfully holding over. As a consequence, it must result that if no contingency has intervened to disqualify an incumbent from holding the office, or cut off his defeasible title, no vacancy has occurred merely because his prescribed term has expired, if in the meantime the right of his successor has not

attached. In such a case, the body with whom the power to fill vacancies is lodged has no function to perform. The office is lawfully occupied by a qualified incumbent, whose title has not been defeated; it is not vacant. *Tuley* v. *State, ex rel.*, 1 Ind. 500; *Stewart* v. *State*, 4 Ind. 396; *Akers* v. *State, ex rel.*, 8 Ind. 484; *Butler* v. *State, ex rel.*, 20 Ind. 169; *Elam* v. *State, ex rel.*, 75 Ind. 518; *Steinback* v. *State, ex rel.*, 38 Ind. 483; *People* v. *Tilton*, 37 Cal. 614; *State* v. *Lusk*, 18 Mo. 333.

The right to hold over is not defeated or terminated by the election of a successor. The successor must have been elected and qualified. Appointment is not the equivalent of election in the constitutional sense. *Speed* v. *Crawford*, 3 Met. (Ky.) 207. Election and qualification are essential to vest the right to the succeeding term in the officer elect. Until these occur it remains contingently in the incumbent, and while an existing title remains in him no vacancy exists. Accordingly, in *Commonwealth* v. *Hanley*, 9 Pa. St. 513, where a successor to the clerk of the Orphans' Court, after having been elected, died before the commencement of his term, without having qualified, it was held no appointment could lawfully be made. Where, however, a successor has been elected and qualified, the right of such successor to the ensuing term vests immediately, and the contingent right of the incumbent is thereby defeated. In such a case the death of the officer elect before the commencement of the term for which he was elected, does not revive the right of the incumbent to hold over. A vacancy results. The title to the office for the succeeding term having vested in another, the owner of the term having died, and the contingent right of the incumbent having effectually ended, the office can only be filled by a resort to the means provided for supplying the vacancy. *State, ex rel.*, v. *Bemenderfer*, 96 Ind. 374; *State* v. *Seay*, 64 Mo. 89 (27 Am. R. 206).

These conclusions follow from a consideration of section 3, and upon the assumption that the person claiming the right

to hold over in any case is at the time eligible to continue in the office. The section referred to affects the tenure of office; it has no relation to the qualifications or eligibility of the officer. Other sections provide who shall be eligible to the office of clerk, and prescribe the conditions upon which one, eligible to be elected, may become disqualified from continuing in the office. Primarily, it is required as a condition of eligibility to a county office, that the aspirant shall be an elector of the county, and that he shall have been an inhabitant thereof for one year previous to his election. It is also required of county officers that they continue to reside in the respective counties in which they are elected to office. They may not accept any other lucrative office except as expressly permitted by the Constitution, and in section 2, above quoted, which creates the office of clerk, it is expressly provided that no person shall be eligible to the office of clerk more than eight years in any period of twelve years.

It can not be supposed that the provision regulating the tenure of the office was intended to affect in any degree the other provisions which relate to eligibility to hold the office. Section 2, article 6, imposes an absolute disability to continue in the office of clerk for a longer period than eight consecutive years. This court has determined that the term "eligible," as there used, relates to the capacity of holding. *Carson* v. *McPhetridge*, 15 Ind. 327; *Smith* v. *Moore*, 90 Ind. 294. The result is that eight years of continuous holding renders the clerk incapable of holding longer. The only exception to this is created by section 11, article 2, the effect of which is to provide that service under a *pro tempore* appointment shall not be reckoned in the eight years. That this exception was expressly provided, is a persuasive argument that no other was intended or contemplated. *Carson* v. *McPhetridge, supra.* When the Constitution itself enumerates events which shall constitute an exception to a general provision, we must suppose the events enumerated exclude all others.

The incapacity affects the right of the officer to hold over,

precisely as it affects the right to hold the office at any other period. He can not look to the provision regulating the tenure of office to determine his eligibility to hold; on the contrary, in determining the right of tenure, regard must be had for those provisions which prescribe the conditions of eligibility. Whenever the conditions which destroy his capacity to hold arise, his tenure is at an end. This is so for the reason that his tenure, or right to continue in the office, is dependent at all times on his eligibility or capacity to hold.

It might as well be held that the removal of the clerk to a distant county, notwithstanding the requirement that he shall reside in the county in which he was elected, had no effect upon his right to hold over, or that the right to continue in office until his successor was elected and qualified was not affected by the acceptance of another lucrative office, as to hold that the ineligibility resulting from eight years continuous holding had no application to his right to hold over.

To have removed from the county, or accepted another lucrative office, would have authorized the body vested with the appointing power to treat the office as vacant. To have done either would have been, *ipso facto,* a vacation of the office. *People* v. *Common Council, etc.,* 77 N. Y. 503 (33 Am. R. 659); *People* v. *Carrique,* 2 Hill, 93; *People* v. *Nostrand,* 46 N. Y. 375; *People* v. *Green,* 58 N. Y. 295. It was vacated none the less by reason of the constitutional ineligibility to hold longer than eight years consecutively.

In the case of *State, ex rel.,* v. *Jones,* 19 Ind. 356, it was said: "Where it appears, *prima facie,* that acts or events have occurred subjecting an office to a judicial declaration of being vacant, the authority authorized to fill such vacancy, supposing the office to be vacant, may proceed, before procuring a judicial declaration of the vacancy, and appoint or elect according to the forms of law, a person, to fill such office."

Such an event had occurred in respect to the appellant, and the body authorized to appoint acted accordingly. *State,*

*ex rel.,* v. *Allen,* 21 Ind. 516 ; *Yonkey* v. *State, ex rel.,* 27 Ind. 236 ; *Krant* v. *State,* 47 Ind. 519 ; *Mowbray* v. *State, ex rel.,* 88 Ind. 324 ; *Baker* v. *Wambaugh,* 99 Ind. 312.

When the appellant's second term expired, he had been in the office eight consecutive years. The constitutional disability then attached to him, and he was disqualified from holding. As there was no person qualified to hold the term for which Green had been elected, it became vacant.

The conclusion is that when the period of ineligibility was reached by the appellant, there was, as between him and the appointing power, an absolute determination of his right to the office. Although from public necessity, and to prevent mischief, he might have remained, as to strangers, an officer *de facto,* the office as to the officer himself was void. *Harbaugh* v. *Winsor,* 38 Mo. 327 ; *Shelby* v. *Alcorn,* 36 Miss. 273 (72 Am. Dec. 169, and note).

The cases cited by the learned counsel for appellant fully maintain the right of an incumbent to hold over under circumstances in some respects analogous to those found in this case, except that no constitutional impediment disqualifying the officer to hold intervened in the cases cited, or in any other that we have been able to find.

It is not denied but that the appointment was regularly made, provided the conditions existed authorizing the commissioners to make an appointment.

Objection is made that the board of commissioners were not lawfully summoned into special session at the time the appointment of the relator was made.

It appears from the record that the auditor, on the 13th day of August, 1885, issued a writ to the sheriff of the county, commanding him to summon the members of the board to meet in special session on the 19th day of August, 1885, to fill a vacancy in the office of the clerk of the Dubois Circuit Court. Service of this summons was acknowledged by the several members of the board. The board met at the time

and place mentioned in the writ, and the appointment was duly made.

Within the holdings in the following cases the special session was properly convened. *State, ex rel.*, v. *Board, etc.*, 104 Ind. 123; *Gipson* v. *Heath*, 98 Ind. 100; *Jussen* v. *Board, etc.*, 95 Ind. 567; *Wilson* v. *Board, etc.*, 68 Ind. 507.

The rulings of the court were in accord with the conclusions hereinbefore expressed. There was no error.

The judgment is affirmed, with costs.

Filed April 16, 1886.