The State, *ex rel.* Reese, *v.* Bogard.

No. 16,091.

THE STATE, EX REL. REESE, *v.* BOGARD.

TOWNSHIP TRUSTEE.—*Right to Hold Over.*—Under the provisions of the act of March 11th, 1889 (Acts 1889, p. 425), a person who had held the office of township trustee for two terms consecutively, at the date of the township election, in April, 1890, was entitled to hold over until his successor was duly elected and had qualified. He would have been ineligible to hold the office by virtue of a new election, as the above act provides that no person shall be eligible to the office of township trustee more than four years in any period of eight years, but this would not prevent his holding over after the close of his second term, until his successor was elected and qualified. Const., art. 15, section 3.

From the Greene Circuit Court.

*T. Hanna, J. D. Alexander, H. W. Letsinger, J. T. Hays* and *H. J. Hays,* for appellant.

*W. W. Moffett, C. E. Davis, E. Short* and *T. Van Buskirk,* for appellee.

MILLER, J.—At the township election held in April, 1886, the appellee was elected township trustee of Washington township, of Greene county, Indiana, for the term of two years, and at the election held in April, 1888, he was reelected to the same office.

At the township election held in April, 1890, the appellant and one John Callahan were candidates for this office, each receiving an equal number of votes.

The board of canvassers neglected to determine by lot which one of the candidates was entitled to the office, and no certificate of election was given to either of them.

At the December term, 1890, of the board of commissioners of the county, an order was made declaring that a vacancy existed in the office, and appointing the relator, Reese, as such trustee to fill the vacancy.

The appellee refused to deliver to him the books and papers of the township, claiming to hold over until his successor was elected and qualified.

This action was brought to recover the possession of the office and for damages.

A demurrer was sustained to the information, the relator stood on the demurrer, and final judgment was rendered against him for costs.

The sufficiency of the complaint is the only question presented to us for decision.

The question at issue involves the construction to be given to section 1391 of Elliott's Supp. (Acts 1889, p. 425), which is as follows:

"Any person who has held the office of township trustee of any township in this State for two terms consecutively at the date of the next township election in April, 1890, shall not be eligible to said office for the next ensuing term; and thereafter no person shall be eligible to the office of township trustee more than four years in any period of eight years."

The appellant claims that, inasmuch as the appellee had served two consecutive terms prior to the election in April, 1890, he was disqualified from holding longer; and, no one having been elected and qualified to take his place, a vacancy existed, which the board of commissioners were authorized to fill by appointment. In support of their position they cite *Gosman* v. *State, ex rel.*, 106 Ind. 203.

It was provided by the act in force when the appellee was elected, that he should, by virtue of such election, hold his office for two years, and " until his successor is elected and qualified." Section 5991, R. S. 1881.

Our State Constitution contains the following provision: Article 15, section 3. " Whenever it is provided in this Constitution, or in any law which may be hereafter passed, that any officer, other than a member of the General Assembly, shall hold his office for any given term, the same shall be construed to mean that such officer shall hold his office for

The State, *ex rel.* Reese, *v.* Bogard.

such term and until his successor shall have been elected and qualified."

From this it appears that when the appellee was elected and qualified in April, 1888, he was to hold the office for the period of two years, and until his successor was elected and qualified.

The question we are required to examine and pass upon is, did the act of 1889, *supra*, render him ineligible to hold after the expiration of his second term, until his successor should be elected and qualified?

It is settled that the appellee would have been ineligible to hold the office by virtue of a new election. *State, ex rel.*, v. *Johnson*, 100 Ind. 489 ; *State, ex rel.*, v. *Gallagher*, 81 Ind. 558 ; *State, ex rel.*, v. *Adams*, 65 Ind. 393 ; *Jeffries* v. *Rowe*, 63 Ind. 592. But this is not the question, or decisive of the question, under consideration.

As has been observed, the appellee by virtue of the provisions of the Constitution and statute was elected to hold the office until a successor should be elected and qualified, and in the absence of any act or omission on his part disqualifying him from continuing in office, he is entitled to hold it until such successor has been elected and qualified, unless the statute of 1889 has rendered him ineligible.

The office of township trustee not being a constitutional office, but the creature of the Legislature, it was within the the power of the Legislature to provide who should be eligible to hold the office, fix the length of their term, or, if it so desired, to abolish the office altogether.

The language used in the section above quoted, declaring the ineligibility, is that he shall not be " eligible to said office for the next ensuing *term*."

It is provided in the same act that township trustees were thereafter to hold for the term or period of four years, and until their successors are elected and qualified. Construing these two provisions together, it appears that it was the purpose of the Legislature to prevent an elector from holding

The State, *ex rel.* Reese, *v.* Bogard.

*by election* a new and additional term of four years, after having held the office for two consecutive terms immediately preceding the election held in April, 1890.

An officer, after his term of office has expired, while holding until his successor is elected and qualified, is not usually designated as holding a "term" of the office, but as holding over. The words, "for the next ensuing term," are words of limitation, for without their use the act would have contained a positive declaration of ineligibility to hold after the expiration of the second term.

We are not to presume, unless the wording of the act drives us to the conclusion, that the Legislature intended to establish a rule for the tenure of office of township trustees different from that prescribed in the Constitution. The act in question was, evidently, not enacted to regulate the tenure of officers holding over.

If the exposition of this section contended for by the appellant is the correct one, the office of trustee in this township became vacant in April, 1890, at the expiration of the second term. By the act of March 9th, 1889 (Elliott's Supp., section 1395), the term of office of a trustee elected in April, 1890, did not commence until August of that year, thus leaving a period from April until August in which no one elected by the people could hold the office. We take it that this is a persuasive argument that the Legislature did not intend to interfere with the law allowing trustees to hold over until some one properly elected by the people qualifies and demands the office.

The conclusion to which we have arrived renders it unnecessary for us to examine or pass upon the soundness of the rule of construction applied to two provisions of our State Constitution in *Gosman* v. *State, ex rel., supra.*

We find no error in the record.

Judgment affirmed.

Filed June 17, 1891.