State, *ex rel.* Culbert, *v.* Linkhauer.

Filed September 20, 1895.

---

No. 17,528.

## STATE, EX REL. CULBERT, *v.* LINKHAUER.

OFFICE AND OFFICER. — *County Sheriff.* — *Eligibility.* — *Service Limited to Four Years in Any Period of Six.* —*Construction.* — One appointed sheriff in the place of the officer regularly elected for a second term of two years, who died after qualifying is not ineligible to hold after the end of such term, under Const., Art. 6,

section 2, providing that, no person shall be eligible to such office "more than four years" in any period of six years, and Art. 2, section 11, providing that an appointment *pro tempore* to any office shall not be reckoned a part of the term in cases providing that an office shall not be filled by the same person more than a certain number of years continuously.

SAME. — *Sheriff.* — *Vacancy.* — *Appointee.* — *Tenure.* — No vacancy occurs in the office of sheriff, authorizing the appointment of another person, where the duly elected sheriff dies before taking oath of office, and one appointed to complete his predecessor's term of office is holding such office under R. S. 1894, section 7579, authorizing the filling of vacancies in such office by appointments which shall expire when a successor "is elected and qualified."

SAME. — *County Sheriff.* — *Power of County Commissioners to Elect a Successor to an Appointee.* —A board of county commissioners has no authority to elect a successor to an appointee to the office of sheriff, under R. S. 1894, section 7579, providing that such appointment shall expire when a successor is elected and qualified, who shall be "elected at the next * * * general election."

From the Jay Circuit Court.

*J. W. Headington* and *J. F. La Follette*, for appellant.

*O. H. Adair* and *J. M. Smith*, for appellee.

HACKNEY, J.—The appellant filed in the lower court an information in the nature of a *quo warranto* to oust the appellee from the office of sheriff of Jay county. A demurrer, for the want of sufficient facts, was sustained to the information, and that ruling is the only assigned error. The material facts presented by the information were that one Gillum was elected in 1892, to succeed himself in said office, and, after qualifying, he departed this life on December 22, 1892. On the 23rd day of December, 1892, the board of commissioners of Jay county appointed the appellee to the vacancy occasioned by the death of Gillum, and he gave bond, took the oath of office, entered upon the duties, and continued in the

possession of said office, and occupied the same at the filing of the information.    At the November election in 1894 John English was elected to said office, but before he had filed his bond, or taken the oath of office, he departed this life on, to-wit : November 7, 1894.    Upon the theory of the existence of a vacancy, by reason of the foregoing facts, the board of commissioners of Jay county, in regular form, appointed the relator to fill such supposed vacancy, and he took the oath of office, tendered his bond, and demanded possession of the office, which demand was refused by the appellee.

There is no contention that the election of English, without his having qualified, had the effect to create a vacancy in the office, but it is insisted by the appellant that a vacancy occurred by reason of the expiration of the period for which the appellee was appointed, and that the appellee, holding in the second term and to the end of the fourth year, for which Gillum was elected, he was, under the constitution, ineligible to hold longer.

The office is an elective constitutional office, and the term of eligibility is limited in the following words : "No person shall be eligible to the office of * * sheriff more than four years in any period of six years." Const. Art. 6, section 2 (R. S. 1894, section 152). It is further provided by the constitution, however, that : "In all cases in which it is provided that an office shall not be filled by the same person more than a certain number of years continuously, an appointment *pro tempore* shall not be reckoned a part of that term."   Const., Art. 2, section 11, R. S. 1894, section 92.   It will be seen, therefore, that by the constitution, which created the office and the limitation upon the eligibility of the persons who may hold the office, the appellee, at the time of the relator's appointment, was not ineligible to continue in the office.  See also *Gosman* v. *State, ex rel.*, 106 Ind. 203, and authori-

State, *ex rel.* Culbert, *v.* Linkhauer.

ties there cited. In the absence of the provision that *pro tempore* appointees should not be affected by the general limitation, we should incline to the construction that the general limitation was upon the person, and had no such reference to the tenure as to permit the computation, against a *pro tempore* incumbent, of the time his predecessor had occupied the office. See *Gosman* v. *State, ex rel., supra.*

To ascertain the appellee's right to hold the office, it is important that we look to the source of his authority. The constitution makes no provision for the filling of vacancies in the office of sheriff, but provides that "Vacancies in county * * * offices shall be filled in such manner as may be prescribed by law." Const., Art. 6, section 9, R. S. 1894, section 159. Pursuant to this provision of the constitution, it has been provided by law that the board of county commissioners shall fill vacancies in the office of sheriff by appointments which "shall expire when a successor is elected and qualified, who shall be elected at the next general * * election * * proper to elect such officers." R. S. 1894, section 7579; R. S. 1881, section 5563. Not only do we find this legislative provision that the appellee's right to hold the office continued until his successor should be elected and qualified, but we find the following constitutional guaranty of that right: "Whenever it is provided * * * in any law which may be hereafter passed, that any officer * * * shall hold his office for any given term, the same shall be construed to mean that such officer shall hold his office for such term, and until his successor shall have been elected and qualified." Const. Art. 15, section 3 (R. S. 1894, section 225). By the sanction of the constitution and of the law, the appellee's right to hold the office until his successor was elected and qualified, was guaranteed, and if not ineli-

gible, and there is no resignation, death or other occurrence, creating a new vacancy, the relator could acquire no right to the office by an appointment from the board of commissioners. *State, ex rel.*, v. *Harrison*, 113 Ind. 434, and authorities there cited. The power of the board was only to fill a vacancy, and no vacancy existing, their appointment was void.

The language of section 7579, R. S. 1894, *supra*, "and such appointment shall expire when a successor is elected and qualified, who shall be elected at the next general * * * election * * * proper to elect * * * " does not warrant the position contended for by counsel, that the *election* provided is by the board of county commissioners, and that the relator's selection was pursuant to the right of the board to elect. It is not necessary that we should define and discriminate between the words "appointment" and "election," for the language of the statute directs the election of an appointee's successor "at the next general * * election," which is understood only as meaning the election which, in the language of the constitution, "shall be held on the first Tuesday after the first Monday in November." Const., Art. 2, section 14, R. S. 1894, section 95. Further than this, we think it manifest that the words, "who shall be elected at the next general * * election," do not qualify or limit the duration of the appointee's holding, but they direct the time for the election of the appointee's successor. The appointee's holding is, by the plain provision of the statute, until such successor is elected and qualified.

There was no error in the ruling of the trial court, and the judgment is affirmed.

Filed September 20, 1895.

NOTE. —The question of a vacancy in office in case of the death of the officer-elect, before his term begins, is the subject of a note to *Kimberlin v. State, ex rel. Tow*, (130 Ind. 120), as reported in 14 L. R. A. 858.