## KOERNER *v.* STATE, EX REL. JUDY.

[No. 18,076.   Filed June 8, 1897.]

OFFICERS.—*School Trustees.—Failure to File Bond.—Vacancy.— Statute Construed.*—Under the provision of article 15, section 3, of the constitution, that officers who are elected for a term are thereby authorized to continue to discharge the duties of the office until a successor is elected and duly qualified, a school trustee who is elected as his own successor, and who, before entering upon the discharge of his duties as such officer, took the oath of office, as provided by section 5915, Burns' R. S. 1894, and upon the organization of the school board was elected president of such board, does not vacate the office of school trustee by failure to file his bond as such president within ten days after the commencement of his term of office, as provided by section 7542, Burns' R. S. 1894 (5527, R. S. 1881).

From the Dubois Circuit Court. *Affirmed.*

*John L. Bretz, John E. McFall* and *Bruno Buettner,* for appellant.

*Richard M. Milburn, Michael A. Sweeney* and *William E. Cox,* for appellee.

McCABE, C. J.—The appellee applied for an alternative writ of mandate against the appellant as auditor of Dubois county, requiring him to show cause why he did not approve and accept the official bond tendered by the relator as treasurer of the school board of the town of Jasper.

The alternative writ issued and the appellant made his return thereto, or answer, to which the appellee demurred for want of sufficient facts, and the court sustained the demurrer, and upon the hearing the court ordered and adjudged that a peremptory writ of mandate issue overruling appellant's motion for a new trial.

The errors assigned call in question the rulings above mentioned.

The statute provides that: "The common council of each city and the board of trustees of each incorporated town of this State shall, at their first regular meeting in the month of June, elect three school trustees (who shall hold their office one, two and three years respectively, as said trustees shall determine by lot at the time of their organization), and, annually thereafter, shall elect one school trustee, who shall hold his office for three years. Said trustees shall constitute the school board of the city or town; and, before entering upon the duties of their office, shall take an oath faithfully to discharge the duties of the same. They shall meet within five days after their election, and organize by electing one of their number as president, one as secretary, and one as treasurer. The treasurer, before entering upon the duties of his office, shall execute a bond, to the acceptance of the county auditor, conditioned as in ordinary official bonds, with at least two sufficient freehold sureties, who shall not be members of said board, in a sum not less than double the amount of money which may come into his hands, within any one year, by virtue of his office. The president and secretary shall each give bond, with like sureties, to be approved by the county auditor, in any sum not less than one-third of the treasurer's bond. All vacancies that may occur in said board of school trustees shall

be filled by the common council of the city or board of trustees of the town; but such election to fill a vacancy shall only be for the unexpired term. The board of school trustees shall, each year, within five days after the annual election of a member, reorganize their board and execute their respective bonds for the ensuing year." Section 5915, Burns' R. S. 1894 (4439, R. S. 1881).

The application for and return to the writ set forth in substance that the relator, John F. Judy, on June 11, 1894, was duly elected by the board of trustees of the town of Jasper, Indiana, a member of the board of school trustees of said town for a term of three years; that afterwards, at the meeting of said school board for reorganization on June 12, 1894, he was by said school board elected president thereof, and he thereupon gave bond and qualified as such; that afterwards, on June 12, 1895, at the reorganization of such school board he was duly elected president thereof, and he thereupon gave bond and qualified, and each time entered upon the discharge of the duties of the office of president of said school board; that afterwards, on June 9, 1896, at the reorganization of said school board he was re-elected by said school board president thereof. And on June 24, 1896, he entered into bond in the sum of $2,000.00, with three sufficient freehold sureties conditioned according to law, which he then tendered to the respondent as such auditor, together with $1.00 as fee for filing, approving and recording the same, and asked that the same be accepted and approved by said auditor; that said auditor refused to accept or approve said bond, a copy of which is set forth; that on June 26, 1896, relator took the oath of office to faithfully discharge the duties of said office of president of said school board; that at the time said relator was so elected a member of said

school board, and president thereof, and at each time he so tendered his bond, he had been a *bona fide* resident and elector of said town two years, and still is such resident and elector, and fully qualified to hold said office of member of said school board and president thereof; that relator did not receive his certificate of election as president of said school board from said board until June 29, 1896; that the board of town trustees of said town, on June 8, 1896, at a regular meeting thereof, elected Frank Joseph as a member of the school board of said town as his own successor, his previous term having then expired; that on June 9, 1896, at the reorganization of said school board, said Frank Joseph was duly elected treasurer of said school board, and on June 10, 1896, he executed his official bond as such treasurer in the penalty of $10,500.00, payable to the State of Indiana, conditioned according to law; that such penalty is more than double the amount which would come into his hands as such treasurer during the term of said office, as fixed by the statute; that on July 6, 1896, said relator entered into a bond, payable to the State of Indiana, in the penal sum of $3,500.00, with three sufficient freehold sureties thereon, conditioned that he would faithfully perform the duties of said office of president of said school board according to law; that the relator, on July 7, 1896, tendered said bond, together with $1.00 as fee for filing, approving and recording the same, to the respondent as auditor of said county, and asked that the same be accepted and approved by said auditor, and offered to make proof of the sufficiency of the sureties thereon; that said auditor then and there, without any excuse, refused to accept or approve said bond; that in fact the sureties were resident freeholders of the town and more than suffi-

cient; that a copy of the bond is set forth; that said school board had not declared said office of president thereof vacant when said last bond was tendered; nor has said school-board yet declared said office of president of said school board vacant.

The answer and return to the alternative writ by the appellant was first a denial of each allegation in the alternative writ and the affidavit and petition therefor, and second, in addition to the facts set forth above, stated that the appellant as such auditor having been duly notified of the re-election of Frank Joseph as treasurer of said school board on June 10, 1896, fixed the penalty of his bond at $10,500.00, that sum being not less than double the amount of money which might come into the hands of such treasurer within one year by virtue of his office; and said Joseph presented his bond with the necessary sureties in such penalty conditioned according to law, duly acknowledged, which was duly accepted and approved by appellant as such auditor on said day; that said Frank Joseph took and subscribed the proper oath of office as such treasurer on said day, and such bond and oath were filed and recorded in said auditor's office on said day; that appellant on June 23, 1896, duly reported to the superintendent of public instruction the name and postoffice address of said Frank Joseph as school trustee and treasurer of the school board of said town; that at a special meeting of the board of trustees of said town held on Monday, June 22, 1896, for the purpose of electing two school trustees for said town to fill vacancies in offices of school trustees for said town, John A. Sermersheim was duly elected a school trustee of said town as successor in office of the relator John F. Judy, of which election appellant, as such auditor, was duly notified; that afterwards, on June 23, 1896, at a meeting of the board of school trustees of

said town for the purpose of renewing and completing the reorganization of said school board, said John A. Sermersheim, a member of said board was duly elected president of said school board, of which election appellant, as such auditor, was duly notified; that afterwards on the same day appellant, as such auditor, fixed the penalty of his official bond at $3,500.00, said sum being not less than one-third of the amount of the penalty of the official bond of the treasurer of said school board; and said Sermersheim thereupon executed his official bond as such president of said board, conditioned according to law with sufficient freehold sureties duly acknowledged and approved by appellant as such auditor; that said Sermersheim took and subscribed an oath of office in due form as president of said board; that said bond and oath were filed and recorded in the office of said defendant as such auditor; that he reported the election and qualification of said Sermersheim to the superintendent of public instruction of the State of Indiana. And the bonds presented by the relator on June 24, and June 29, 1896, respectively being insufficient in amount of penalty, being only for $2,000.00 respectively, and there being no vacancy in said office of president of said said school board at the time said relator presented his pretended bonds on said 24th and 29th days of June and 7th day of July, 1896, appellant refused to accept and approve said bonds or any of them.

These are the reasons why the defendant as such auditor did refuse to accept and approve the several bonds afterwards tendered to him by the relator John F. Judy for approval on June 24 and June 29, 1896, and on July 7, 1896, respectively.

The controlling question is whether there was a vacancy in the office of school trustee for the town of Jasper at the time the trustees of the town attempted

to elect a successor to the relator, John F. Judy, in that office. Appellant maintains that there was such vacancy, notwithstanding the fact that the relator had been duly elected to that office on the 11th day of June, 1894, by the board of trustees of said town for a term of three years which had not yet expired. This contention is based on the fact that the relator had failed and neglected to tender his official bond as president of the school board for more than ten days after his election by such school board as president thereof. It is further contended that such failure operated to vacate the office of school trustee held by the relator. And in support of this contention we are cited to the statute which provides that: "If any officer of whom an official bond is required shall fail, within ten days after the commencement of his term of office and receipt of his commission or certificate, to give bond in the manner prescribed by law, the office shall be vacant." Section 7542, Burns' R. S. 1894 (5527, R. S. 1881).

But it will be observed that the only condition precedent or qualification required of a school trustee by the statute previously quoted, before entering upon the discharge of the duties of the office, is to take an oath to faithfully discharge such duties. And the facts stated in the alternative writ and application therefor, show that the relator took such oath and entered upon the discharge of the duties of school trustee for said town immediately after his election thereto by the board of trustees of said town in June, 1894. The demurrer admits these facts to be true.

But the previously quoted statute requires the school board within five days after their election to organize by electing one of their number as president, one as secretary, and one as treasurer. Then the statute requires the treasurer before entering upon the

duties of his office to execute a bond to the acceptance of the county. auditor, conditioned as in ordinary official bonds, with at least two sufficient freehold sureties in a sum not less than double the amount of money which may come into his hands within one year by virtue of his office. This, it would seem, indicates that the bond is the official bond of the treasurer of the school board, and not that of school trustee. The president and secretary of the school board are each required to give bond with like sureties and approval in a sum not less than one-third the treasurer's bond. It would seem such bonds are the official bonds of the president and secretary of the school board, and not that of school trustees; and hence the failure to give such bond within ten days, vacates the office of such president or secretary and does not vacate the office of school trustee.

But we do not and need not decide that point.

The same statute provides that all vacancies that may occur in the board of trustees of the town shall be filled by the board of trustees of the town. It also provides that the board of trustees of the town shall at the first regular meeting in the month of June elect three school trustees who shall hold their offices, one, two, and three years respectively; and said town board shall each year thereafter elect one school trustee who shall hold his office for three years. It also provides that the school trustees shall each year, within five days after the elction of a member, reorganize their board and execute their respective bonds for the ensuing year. There is no question here but that the relator had been elected by the town board to the office of school trustee, and that the school board had elected him president thereof the first and second years of his term, and that while still in office both as school trustee and president of the school

board he was re-elected president thereof, but that he failed within ten days thereafter to give bond. Nor is there any question that he was still occupying the office when the town board of trustees treating his office as vacant attempted to elect a successor.

The learned counsel for appellant cite *Baker* v. *Wambaugh*, 99 Ind. 312, as authority that there was a vacancy. In that case a successor to a justice of the peace had been elected and failed to qualify and assume the office. The justice in office assuming that the expiration of the term for which he had been elected ended his right to longer hold the office, he delivered the docket and records belonging to his office to another justice of the township, the board of commissioners appointed another man to fill the office who qualified, gave bond and entered upon the discharge of the duties of the office.

It was held that because the justice whose term had expired without a successor elected and qualified had actually vacated the office, the appointment by the board of commissioners though only authorized in the case of a vacancy made their appointee at least an officer *de facto*. It was impliedly held that the justice vacating the office could have held over until a successor was elected and qualified, by virtue of the constitution, had he not voluntarily vacated the office. The case has more bearing against the appellant than for him.

It is settled that all officers except members of the legislature hold their offices under the constitution for the term for which they are elected, and until their successors are elected and qualified. Section 225. Burns' R. S. 1894 (225, R. S. 1881); *Baker* v. *Kirk*, 33 Ind. 517; *Steinback* v. *State*, 38 Ind. 483; *State, ex rel.*, v. *Bogard*, 128 Ind. 480; *Butler* v. *State, ex rel.*, 20 Ind. 169; *State, ex rel.*, v. *Berg*, 50 Ind. 496.

Under the constitution officers who are elected for a term, are thereby authorized to continue to hold and discharge the duties and receive the emoluments of their office until they are superseded by other persons in their places even though that extends beyond the legal length of the term for which they were elected. *State, ex rel.*, v. *Harrison*, 113 Ind. 434, 440; *Tuley* v. *State, ex rel.*, 1 Ind. 500; *Miller* v. *Burger*, 2 Ind. 337; *Baker* v. *Kirk, supra; State, ex rel.*, v. *Berg, supra; Gosman* v. *State, ex rel.*, 106 Ind. 203; *Elam* v. *State, ex rel.*, 75 Ind. 518.

The policy of constitutional provisions of that nature is to prevent the happening of vacancies in office except by death, resignation, removal and the like. *State, ex rel.*, v. *Harrison, supra.* As was said in the latter case at page 441: "It adds an additional contingent and defeasible term to the original fixed term, and excludes the possibility of a vacancy, and, consequently, the power of appointment, except in case of death, resignation, ineligibility or the like. *Gosman* v. *State, ex rel., supra*, and cases cited." To the same effect is *Kimberlin* v. *State, ex rel.*, 130 Ind. 120.

But it is in effect contended by appellant that these are cases belonging to a class where the supposed vacancy arose alone from the expiration of the term for which the several officers had been elected; and that here it is not on account of the expiration of the term of the relator that the supposed vacancy occurred, but that such vacancy was produced by operation of law resulting from the relator's failure to give bond within ten days after his re-election as president of the school board.

It has been held by this court, and we think correctly so, under the constitutional provision above mentioned, that where a township trustee was elected twice as his own successor, and served both the sec-

ond and third terms without giving any new bond or taking any new oath of office, there was no vacancy in said office by virtue of the statute already quoted requiring official bonds to be filed in ten days, said statute then being in force. *State, ex rel.,* v. *Berg, supra.* To the same effect is *Butler* v. *State, ex rel., supra.*

The precise question now before us has in effect been decided by this court in favor of the appellee in *School Town of Milford* v. *Powner,* 126 Ind. 528.

In that case two of the school trustees were elected by the trustees of the town of Milford in 1878, and one in 1880. No election was afterwards held until 1886. The old trustees continued to hold over because no successors had been elected and qualified. While thus holding over, and just before their successors were elected they entered into a contract with a teacher. After the new trustees came in they repudiated the contract and employed a different teacher. It was insisted that the old trustees were mere usurpers for a period of six years prior to the making of the contract, they during all that time never having been elected, nor having given bond, and while so acting entered into the contract. It is there said, on pages 530, 531, that: "The fact that the old trustees or school board continued in office under the circumstances disclosed did not render them liable to the charge of usurpation. Having been duly elected and qualified in the beginning, and having, pursuant thereto, entered upon the discharge of their official duties, they became officers *de jure* as well as officers *de facto,* and so continued until their successors were duly elected and qualified. Their right to hold over was secured to them by the same authority as was any other part of their term, and their official acts while so holding were as binding upon the corporation as if done during their original term."

As there was no death, no resignation and no re-moval or the like of the relator, we are constrained to hold that there was no vacancy in the office of pres-ident of the school board of the town of Jasper when its board of trustees attempted to elect a successor to the relator, and that their attempted election of such successor was void. And the acceptance and approval of his bond by the appellant furnished no reason or ex-cuse why he as auditor should not accept and approve the bond tendered by the relator on July 7, 1896.

Therefore there was no error in overruling the de-murrer and the motion for a new trial which presents the same question.

It is further contended that the trial court erred in rendering judgment awarding the peremptory writ on sustaining the demurrer without hearing or re-quiring evidence as there was an answer of general de-nial to the writ and application. But the record shows that the court only awarded the peremptory writ after hearing the evidence.

The judgment is affirmed.