STATE EX REL. FARES *v.* KARGER

[No. 28,377.   Filed March 9, 1948.]

*Theodore Lockyear* and *Elmer Q. Lockyear,* both of Evansville, for appellant.

*W. D. Hardy,* of Evansville, for appellee.

GILKISON, J.—This action is an information in the nature of *quo warranto* by relator.

The information is at issue by an answer in two paragraphs, the second being affirmative. The reply to the second paragraph admits the averments contained therein.

There was a stipulation of facts, the substance of which is that the relator and the appellee had each duly and timely qualified as township trustee of the township as provided by law.

The admitted averments of the petition, the admitted

averments of the second paragraph of answer and the stipulation of facts, constitute all the facts before the court below.

These facts may be summarized as follows: At the November 5th, 1946 general election, Clyde M. Hesler was elected and duly certified as trustee of Center Township, Vanderburgh County, Indiana. He died November 10, 1946, without having qualified by giving bond and taking the oath of office. On January 6, 1947, by majority vote, the Board of Commissioners of the county passed a resolution stating that the appellee, Karger, the incumbent trustee of the township, had been serving as its trustee for eight consecutive years and by virtue of § 65-101 Burns' 1943 Repl. was ineligible to continue to serve. The board then found that, because of these facts a vacancy existed in the office, and appointed the relator to fill the vacancy. The relator then demanded the office from appellee, which demand was refused. Appellee was elected to the office at the general election November 3, 1942, duly qualified and assumed the duties of the office January 1, 1943. He continued in office after the expiration of his elective term, performing all the duties thereof, because his successor did not qualify as such official.

Upon these facts the trial court rendered a finding and judgment for appellee. A motion for new trial for the statutory reasons was overruled, from which this appeal is taken. The error assigned is overruling the motion for new trial.

A single question is presented for our consideration, viz: Under the facts presented, was there a vacancy in the office of Trustee of Center Township, Vanderburgh County at the time the vacancy was declared by the Board of Commissioners of the county?

Our court has often held that "the appointing authority may appoint an official to fill a vacancy in an office, without waiting for a judicial determination of ■ vacancy, if the facts existing at the time are such that a judicial determination would result in the declaration of vacancy." *The State, on the relation of Leal* v. *Jones* (1862), 19 Ind. 356, 358; *Relender* v. *The State ex rel Utz, Prosecuting Attorney* (1898), 149 Ind. 283, 288, 49 N.E. 30; *Wells* v. *State ex rel Peden* (1911), 175 Ind. 380, 386, 94 N.E. 321; *Smith* v. *State ex rel Canary* (1934), 206 Ind. 138, 141, 188 N.E. 576. *State ex rel. Kopinski* v. *Grzeskowiak* (1945), 223 Ind. 180, 194, 59 N.E. 2d 110.

At least one limiting qualification of a citizen to hold the office of township trustee is provided by statute thus:

"Any person who holds the office of township trustee of any township in this state for one (1) term or less shall be eligible to said office for the next ensuing term, unless otherwise disqualified. And, thereafter, no person shall be eligible to the office of township trustee for more than eight (8) years in any period of twelve (12) years. Acts 1917 ch. 171, § 1, p. 681. Burns' 1933 § 65-101."

Appellant relies upon the decision in *Gosman* v. *State ex rel. Schumacher* (1885), 106 Ind. 203, 6 N. E. 349. That case held that appellant, Gosman having served as clerk of the Dubois Circuit Court for two full consecutive elective terms of four years each, was ineligible to serve longer because Art. 6, § 2 Indiana Constitution provides in substance as follows:

". . . The clerk, . . . shall continue in office four years; and no person shall be eligible to the office of clerk, . . . more than eight years in any period of twelve years. . . ."

That because of appellant's ineligibility, so caused, a vacancy existed in the office, which authorized the Board of Commissioners to appoint a successor.

However, a case identical with relator's in all material facts was before this court in *The State ex rel. Reese* v. *Bogard* (1891), 128 Ind. 480, 27 N.E. 1113. In that case the rule with respect to eligibility as announced in the Gosman case was modified as will appear from quotations from the opinion as follows:

"The question we are required to examine and pass upon is, did the act of 1889, supra, render him ineligible to hold after the expiration of his second term, until his successor should be elected and qualified?

"It is settled that the appellee would have been ineligible to hold the office by virtue of a new election. (authorities) But this is not the question, or decisive of the question, under consideration."

After further considering the matter the court finally determined that by Acts 1889, § 2, p. 425, providing as follows:

"Any person who has held the office of Township Trustee of any township in this State for two terms consecutively at the date of the next township election in April, 1890, shall not be eligible to said office for the next ensuing term; and thereafter no person shall be eligible to the office of Township Trustee more than four years in any period of eight years."

". . . it was the purpose of the Legislature to prevent an elector from holding *by election* a new and additional term of four years, after having held the office for two consecutive terms immediately preceding the election in April, 1890."

The court further stated:

"An officer, after his term of office has expired, while holding until his successor is elected and qualified, is not usually designated as holding a 'term' of office, but as holding over. . . . The act in

question was, evidently, not enacted to regulate the tenure of officers holding over."

The Constitution with respect to an officer holding over is Art. 15, § 3 providing as follows:

"Whenever it is provided in this Constitution, or in any law which may be hereafter passed, that any officer, other than a member of the General Assembly, shall hold his office for any given term, the same shall be construed to mean, that such officer shall hold his office for such term, and until his successor shall have been elected and qualified."

Under this provision of the Constitution it was held by this court in *State ex rel. Culbert* v. *Linkhauer* (1895), 142 Ind. 94, 41 N. E. 325, that an officer holding over under this provision of the Constitution is holding lawfully and that as long as he so holds no vacancy exists in the office authorizing the appointment of a successor.

The rule with respect to holding over under this section of the Constitution seems to be:

"After the expiration of the term fixed by the General Assembly, the tenure, or title, of the officer is not under or by virtue of legislative authority, but by the continuing and superior authority of the Constitution. (Authorities). The effect of the constitutional provision is to add 'an additional, contingent and defeasible term to the original fixed term, and excludes the possibility of a vacancy, and consequently, the power of appointment, except in case of death, resignation, ineligibility or the like.'" *State ex rel. Jett* v. *Ives* (1906), 167 Ind. 13, 21, 78 N. E. 225; *State ex rel. Carson* v. *Harrison* (1888), 113 Ind. 434, 16 N. E. 384; *State ex rel. Harrison* v. *Menaugh* (1898), 151 Ind. 260, 51 N. E. 117, 51 N. E. 357; *Koerner* v. *State ex rel. Judy* (1897), 148 Ind. 158, 166, 47 N. E. 323; *Spencer* v. *Knight* (1912), 177 Ind. 564, 575, 98 N. E. 342.

The purpose of the constitutional provision, Art. 15, § 3, *supra,* in creating and adding the contingent defeasible term has been many times announced by this court. It is well stated as follows:

"The policy of constitutional provisions of that nature is to prevent the happening of vacancies in office except by death, resignation, removal and the like. State ex rel. v. Harrison, supra." *Koerner* v. *State ex rel. Judy* (1897), 148 Ind. 158, 166, 167, 47 N. E. 323; *State ex rel. Jackson Township* v. *Berg* (1875), 50 Ind. 496, 501; *Butler* v. *State ex rel. McFaltridge* (1863), 20 Ind. 169, 173; *Miller* v. *Burger* (1850), 2 Ind. 337; *Tuley* v. *State ex rel. Smith, School Comr. Etc.* (1849), 1 Ind. 500, 502.

It has been held that one who is appointed to fill the unexpired term of an officer, and is then elected to the office for the next term, is then qualified to continue to serve at the end of his elective term, under the provisions of this section of the Constitution, until his successor is elected and qualified although the total period of consecutive service exceeds the period allowed by the Constitution. This is upon the theory that the period of the pro tempore appointment, though for a full term, shall not be reckoned as a part of the elective term served as provided by Art. 2, § 11 of the Constitution; *State ex rel Culbert* v. *Linkhauer, supra.* For a like reason, the holdover term provided for by Art. 15, § 3, should not be reckoned as a part of the elective term of the appellee.

Had the trustee elected at the general election in November, 1946, duly qualified by giving bond and taking the oath of office as provided by law his death on November 10, 1946, would have created a vacancy authorizing the Board of Commissioners to appoint his successor. Since he did not so

qualify, his death did not create a vacancy in the office. Art. 15, § 3 of the Constitution both authorized and commanded the appellee to continue to serve as such official after the expiration of his elective term until his successor shall be elected and qualified.

Finding no error in the record, the judgment is affirmed.

NOTE.—Reported in 77 N. E. 2d 746.