STATE EX REL. DENTON *v.* KINKLE

[No. 28,544. Filed June 28, 1949.
Rehearing denied September 24, 1949.]

*Benjamin F. Zieg* and *W. D. Hardy*, both of Evansville, for appellant.

*Darby & Fitzgerald;* and *Warren, Merrell & Combs,* all of Evansville, for appellee.

STARR, J.—This action is an information in the nature of quo warranto brought by the appellant as relator on November 17, 1948. The appellee, who was named as respondent, appeared and filed answer and his counter information. Upon the trial the Court found against the appellant upon his complaint or information, and for the appellee upon his counter information; that the appellant be ousted from the office of county commissioner for the First Commissioner District of Vanderburgh County, Indiana, and that appellee was entitled to the possession of said office. Upon this finding, judgment was entered, and it is from this judgment that this appeal was taken. No question is raised as to the pleadings and the case was tried upon an agreed statement of facts.

The material facts as they appear upon the record are in substance as follows: that at the general election held in Vanderburgh County, Indiana, in November, 1946,

one Charles P. Schreck was duly elected to the office of county commissioner for the First County Commissioner District of Vanderburgh County for the term of three years, commencing on the 1st day of January, 1948; that before qualifying for said office to which he had been elected, and before taking the oath of office thereto, the said Charles P. Schreck died; that this appellant was duly elected commissioner for the First County Commissioner District of said county at the general election held in November, 1944, for a term of three years beginning on the 1st day of January, 1945, and ending January 1, 1948, and duly qualified as commissioner and assumed the duties of the office on the 1st day of January, 1945, and held the office and discharged and performed the duties of commissioner in said office until the 1st day of January, 1949; that from the 1st day of January, 1949, until this time appellant has refused to surrender the office as commissioner and has asserted and maintained his right to occupy the office and to discharge the duties thereof during the full term for which Charles P. Schreck was elected; that at the general election held on November 2, 1948, the name of the appellee, Edward H. Kinkle, appeared on the ballots and voting machines as a candidate for the office of county commissioner for said First District and that the board of canvassers declared appellee to have been elected to the office and certified his election to the clerk of the Vanderburgh Circuit Court; that the official notice of the election, insofar as the same appertains to the office of county commissioner of Vanderburgh County for the election on the 2nd day of November, 1948, stated that among the other officers to be elected at that time there would be a county commissioner elected for each of the First, Second and Third County Commissioner Districts; that after said election

the clerk of the Vanderburgh Circuit Court signed and delivered to the appellee a certificate of election to the office of county commissioner for the First District; that the appellee thereupon subscribed his official oath and demanded that he be recognized as the duly elected and qualified commissioner for the First Commissioner District; that the appellant has at all times refused to vacate the office of county commissioner or to surrender the same to the appellee, and has insisted upon his right to fill the unexpired term for which Charles P. Schreck was elected by virtue of appellant's election to the office at the November Election in 1944; that the election on November 2, 1948, was the regular and proper time to elect the commissioners from both the Second and Third Commissioners Districts of said county and that, but for the death of the said Charles P. Schreck, the commissioner for the First Commissioner District would not have been elected until the regular election in 1950; that the term of office for the commissioner elected for the Second District began on January 1, 1949, and the term of office for commissioner elected for the Third District begins on the 1st day of January, 1950; that the appellee is asserting claim to said office solely by reason of his election at the November, 1948, Election.

The appellant, by his motion for a new trial and by his assignment of error, has properly presented the questions hereinafter discussed and decided.

The appellant argues that there was a vacancy in the term of office on account of the facts herein, which should have been filled by the commissioners in office. In support of this argument he relies upon § 26-601, Burns' 1948 Replacement; Acts of 1945, ch. 261, § 1, p. 1189, which reads as follows:

"Whenever a vacancy shall occur in the office of commissioner; or whenever a commissioner who has

qualified shall die or resign before the commencement of the term for which he was elected and no general election will occur between the time of such death or resignation and the beginning of such term, the commissioners in office at any time after the occurrence of such death or resignation so producing such vacancy or prospective vacancy, wherein such vacancy or prospective vacancy in the office of commissioner shall occur for any reason, shall elect some qualified elector to fill such vacancy or prospective vacancy, from and after the time of commencement of such term, who shall serve for the remainder of the term, or for the entire term as the case may be, for which the person so dying or resigning was originally elected or appointed."

Under the facts in this case there was no vacancy in office at the time that the appellee was elected. *Kimberlin* v. *The State ex rel. Tow* (1891), 130 Ind. 120, 29 N. E. 773; *State ex rel. Culbert* v. *Linkhauer* (1895), 142 Ind. 94, 41 N. E. 325; *State* v. *Karger* (1948), 226 Ind. 48, 77 N. E. 2d 746; *The State ex rel. Harrison* v. *Menaugh et al.* (1898), 151 Ind. 260, 51 N. E. 117, 51 N. E. 357. Although appellant admits this to be the fact, he attempts to distinguish between the vacancy in office and the vacancy in the term of office and relies principally upon *Parcel* v. *The State ex rel. Lowrey* (1886), 110 Ind. 122, 11 N. E. 4. It is our opinion that this case does hold that where, as here, a party is holding over after his legal statutory term of office has expired, under and by virtue of Art. 15, § 3 of the Indiana Constitution, there is a vacancy in the term which may be filled under a statute which provides for the filling of office due to a vacancy. We are unable to reconcile this case with subsequent cases of this court. Particularly see *Kimberlin* v. *The State ex rel. Tow, supra; State ex rel. Culbert* v. *Linkhauer, supra.*

In the absence of a vacancy said § 26-601, Burns' 1948

Replacement, can have no application as it only empowers the commissioners in office to fill a vacancy.

Appellee's sole contention in support of the judgment of the trial court is that he was lawfully elected to fill an unexpired term by virtue of Acts of 1945, ch. 208, § 187, p. 680; § 29-4801, Burns' 1933 (1947 Supp.). This section reads as follows:

> "A general election shall be held on the first Tuesday after the first Monday in November in even-numbered years, at which election, all existing vacancies in office, and all offices the terms *of which shall have expired or which* will expire before the next general election thereafter, shall be filled, unless otherwise provided by law." (Our Italics)

The foregoing section of our statutes which was enacted in 1945, superseded and took the place of the Acts of 1881 (Spec. Sess.), ch. 47, § 1, p. 482 which is § 29-701, Burns' 1933, which reads as follows:

> "A general election shall be held on the first Tuesday after the first Monday in November in the year 1882, and biennially thereafter on the same day, at which election, all existing vacancies in office, and all offices the terms of which will expire before the next general election thereafter, shall be filled, unless otherwise provided by law."

It will be noted that by the 1945 Act, above set out, there was added to the section adopted in 1881, the italicized words "which shall have expired or which." We must conclude that by the adding of these words to the 1945 statute the legislature intended to add something to the then existing statute, and that the only thing that could have been intended was that at such general election not only the offices whose term should expire before the next general election should be filled, but, also, all offices the term of which

had expired prior to such biennial election then being held, and, also, that the "terms" referred to were intended to be definite terms of office fixed by the Constitution or statute.

In regard to this section we approve of what has been said heretofore by our attorney general, as follows:

> "It seems obvious that the 'terms' referred to in the foregoing provision were intended to be the *definite terms of office* fixed by the Constitution or by statute for the various offices, rather than the indefinite or defeasible terms represented by the fixed terms plus a possible 'holding over' under the provisions of Article 15, Clause 3 of the Constitution, supra." Opinions of the Attorney General of Indiana, 1936, pp. 9, 11.

It will be noted that on page sixteen of this same opinion will also be found the following language:

> "In my opinion the Legislature intended such provision to apply to all offices *where the incumbent's fixed term had expired prior to such biennial election,* as well as to those which would expire between such election ensuing thereafter."

At the time this opinion was rendered, said § 29-701, Burns' 1933, was in force. If there was any doubt as to the validity of this last quoted portion of the opinion at the time the same was rendered, it would seem to us that it has been eliminated by said § 29-4801, Burns' 1933 (1947 Supp.) which, as we have seen, specifically provides that the election shall be had for all offices, the terms of which shall have expired at the time of such election. It is altogether probable that this insertion was made in the 1945 Act to clear up any such doubt.

It is our opinion, therefore, that the appellee was properly elected on November 2, 1948, for the unexpired portion of the term.

In passing, we desire to point out that, from the facts in this case, appellant, at the time he brought this action, was in possession of the office and had not surrendered the same to the appellee. Under these circumstances the appellant had no right to bring this action. An information in the nature of quo warranto will not lie against one who merely lays claim to the office and has never been admitted thereto. 51 C. J., Quo Warranto, § 15, p. 318; 44 Am. Jur., Quo Warranto, § 26, p. 105; *State* v. *Raisler* (1907), 133 Wis. 672, 114 N. W. 118; *Harris* v. *Boggess* (1925), 113 Okla. 60, 238 Pac. 477; *State* v. *Lechner* (1925), 187 Wis. 405, 204 N. W. 478.

For the reasons heretofore stated, it is our opinion that the trial court was correct in finding against appellant on his information and that it properly found for the appellee on his counter information.

The judgment, therefore, is affirmed.

NOTE.—Reported in 86 N. E. 2d 677.