THE STATE EX REL. MERCER, Respondent, vs. SULLIVAN and others, Appellants.

*October 27 — November 15, 1892.*

*Elections:* Mandamus.

Where a person declared by the inspectors of an election to have been duly elected to an office has qualified and entered upon its duties, *mandamus* will not lie to compel the inspectors to declare another person elected. The title to the office should be tried on *quo warranto.*

APPEAL from the Circuit Court for *Oneida* County.

At the general election last preceding April 5, 1892, the town of Minocqua was divided into two election precincts, the first being at the village of Minocqua, and the second being at Manitowish Station. At the annual town meeting held in said town, April 5, 1892, the relator and one M. F. Doyle were each candidates for the office of chairman of said town. At the village of Minocqua the relator received 131 votes, and Doyle received 105, and at Manitowish Station the relator received 5 votes and Doyle 42, making the relator's votes, in the aggregate, 136, and Doyle's votes, in the aggregate, 147; and the defendants, as inspectors of said election, declared the said Doyle elected as chairman of said town.

Thereupon, and on April 12th, the relator presented to the circuit court his petition, setting forth the facts stated, among others, and praying for a writ of *mandamus* to compel said inspectors and clerks to reassemble and declare those persons to be elected to office who received the majority of the votes cast at said first precinct, as shown by the canvass, count, and determination of the votes thereat cast, as made and declared by them and entered upon the records of said town, and to announce the result thereof, and to make the statement required by sec. 805, R. S.

An alternative writ of *mandamus* was issued. The defendants thereupon moved to quash said writ, on the grounds that it did not state facts sufficient to entitle the relator thereto, nor to the relief sought, nor any relief, and that it appeared upon the face thereof that the relator had an adequate remedy at law. On April 25, 1892, the court denied said motion, and thereupon the defendants made return to said writ, denying that they had failed or neglected to make statement of the result of said election and determination, and alleging that they had substantially complied with the law in making and filing the statement required, and that their functions as inspectors and clerk had ceased, and that they had no power or legal right or authority to again reassemble and declare the relator, or any other candidate not having received a majority of the votes cast, to be elected; that, having declared the candidates having such majority duly elected, they had no further power as such officials in the premises; that the officers so declared by them to be duly elected, including said Doyle, had duly qualified and entered upon the duties of their respective offices, and were in the possession and proper discharge thereof. To that return the relator demurred, on the ground that it does not state facts sufficient to constitute a defense. On April 29, 1892, said demurrer to the return was sustained, and it was ordered and adjudged that a peremptory writ of *mandamus* issue, commanding said inspectors and clerks, and each of them, to reassemble May 4, 1892, at 2 o'clock P. M., at the place in the town where the last town meeting had been held, and then and there make a statement in writing of the whole number of votes given for each office at said town meeting held at the first precinct, and the names of the persons for whom such votes were given, and the number of votes given for each person, and certify, upon such statement, their determination of the persons elected, and file such statement and de-

termination in the office of the town clerk, and make due return of said writ May 9, 1892, with their doings thereon; and that the relator have and recover of the defendants his costs of this proceeding, taxed at $31.50. From that judgment the defendants appeal.

*Levi J. Billings*, for the appellants.

*A. W. Shelton*, for the respondent, contended, *inter alia*, that canvassers and inspectors can be compelled to issue a certificate of election to the person *shown by their canvass* to have a majority of the votes. *State ex rel. McDill v. Board of Canvassers*, 36 Wis. 498; *Coll v. Board of Canvassers*, 83 Mich. 367; *Smith v. Lawrence*, 49 N. W. Rep. (S. Dak.), 7. There is a wide and well recognized distinction between *mandamus* to try title to office and *mandamus* to compel the issuing of a certificate. High, Ex. Leg. Rem. secs. 55, 61, 62; 14 Am. & Eng. Ency. of Law, 197, 201.

CASSODAY, J. The aggregate number of votes cast at the town meeting at both precincts, April 5, 1892, for chairman of the town, was 283. Of these Doyle received 147, and the relator 136, and Doyle was, accordingly, declared elected; and the requisite statement thereof was made and certified, and left and filed with the town clerk; and Doyle thereupon qualified and entered upon the duties of his office five days prior to the time when this proceeding was instituted. The contention is that the inspectors wrongfully counted the votes cast for that and other offices at Manitowish Station. Each and all the other persons voted for at that election and at those precincts, who were declared elected, qualified and entered upon their respective duties prior to the commencement of this proceeding. This being so, the question recurs whether the relator is entitled to this *mandamus*.

" It may be stated, as an almost invariable rule, that the duties of judges of elections and of canvassing boards are

The State ex rel. Mercer vs. Sullivan and others.

purely ministerial, and that the writ of *mandamus* lies to compel the proper performance thereof." Merrill, Mand. § 178. But here the inspectors have performed their duties as they understood them; and hence that rule is not here applicable. The same author declares that, "when there is a party already in possession of the office, holding it under color of right, the courts will refuse to issue the writ, and will require the party to resort to a *quo warranto* first, in order to determine the right of the incumbent. They refuse to allow this writ to be used to try the title to an office. The reasons for this ruling are because *mandamus* never lies when there is another adequate remedy, which *quo warranto* is considered to be, and because justice requires that the incumbent should be a party" and have a hearing. Id. § 143, and numerous cases there cited. "*Mandamus* is never issued, when a person is in an office by color of right, to admit another. The proper remedy is an information in the nature of a *quo warranto*." *St. Louis County Court v. Sparks*, 10 Mo. 117, 45 Am. Dec. 355; *State v. Dunn*, 12 Am. Dec. 25, and cases cited in the notes. Courts have gone so far as to hold that, "in case of a disputed election to a municipal office, *mandamus* may issue to compel the recognition of the *de facto* officer until the rights of the parties can be determined on *quo warranto*." *In re Delgado*, 140 U. S. 586.

*By the Court.*— The judgment of the circuit court is reversed and the cause is remanded with direction to dismiss the relation.