STATE EX REL. LOCHSCHMIDT, Respondent, vs. RAISLER, Appellant.

*November 26—December 13, 1907.*

*Officers: Title to public office: Action to try title: Quo warranto: Pleading: Complaint: Necessary allegations.*

1. Apart from statute the only method known to courts for the trial of title to a public office, other than *prima facie*, was at common law by writ of *quo warranto*, and, under the Wisconsin statutes, is by an action in the nature thereof prescribed and regulated by sec. 3466 *et seq.*
2. In such form of action the court tries the true merits of the controversy, namely, whether the incumbent has been legally elected, not merely the question whether he has by the various other tribunals having to do with an election been decided to be so elected.

State ex rel. Lochschmidt v. Raisler, 133 Wis. 672.

3. An action the main purpose of which is to try and settle the title of rival claimants to an office finds its limits and essential characteristics in ch. 149, Stats. (1898)—authorizing it only "when any person shall usurp, intrude into, or unlawfully hold or exercise any public office" (sec. 3466); and hence a complaint is insufficient to satisfy the calls of the statute which fails to allege that the defendant has done any of those things, although it alleges that he intends so to do under claim based on a certificate already issued.

4. Under the statute, as well as at common law, actual occupation and exercise of an office is an essential element in an action of *quo warranto*.

5. In an action of *quo warranto* the actual number of legal votes cast for each candidate, respectively; the names of the persons whom the relator claims voted illegally at the election for the defendant which were canvassed and in what the illegality consisted; and the designation of the election district where such votes were cast, are facts imperatively required by the statute— sec. 3468, Stats. (1898)—to be alleged, and hence a complaint which fails to contain them is obnoxious to a general demurrer, even though the defendant be in occupation of the office.

APPEAL from an order of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

Appeal from order overruling demurrer to complaint which states that the relator and defendant were rival candidates at the election of November, 1906, for the office of county clerk of Outagamie county; that relator received the greatest number of legal votes cast for the office, for which he was duly eligible; that, according to the county canvass, there were for defendant 3,453 and for relator 3,399 votes, which included certain alleged illegal votes of Oneida Indians, of which 74 were canvassed for the defendant and 27 for the relator, and that the certificate of election was issued to the defendant; that there were returned by the inspectors of the various precincts defective ballots cast for said office which were not counted or canvassed; that said so-called defective ballots were not defective in fact, and a large majority thereof were legal ballots cast and voted for relator and

should have been counted and canvassed for him, and were sufficient in number and majority to have elected him; also, that a large number of ballots properly marked in favor of relator were not counted or canvassed in his favor but in favor of defendant, or were not counted and canvassed at all, whereas the same should have been counted for relator and would have resulted in a majority for him and in his election; that by the canvass of the board of county canvassers defendant appeared to have a majority of 54 votes, but that relator received the greatest number of votes cast for said office, to wit, a majority of at least 40, and is entitled to the certificate of election; also, that the defendant has received and accepted the certificate from the county clerk, claims to have been duly elected, and will qualify and enter upon and occupy and receive the emoluments of said office for the term commencing in January, 1907. The prayer of the complaint is that there be a recount of the votes; that the action of the county board of canvassers in canvassing, and the county clerk in issuing certificate, be canceled and annulled; "that defendant be adjudged debarred and excluded from holding said office and the privileges and franchises thereof;" and that relator be entitled to have said office. The action was commenced about the 15th day of December, 1906, a general demurrer served January 3, 1907, and order overruling the 'same entered January 14, 1907, from which the defendant appeals.

The cause was submitted for the appellant on the brief of *A. M. Spencer* and *Albert H. Krugmeier,* and for the respondent on that of *Joseph Roemer* and *Henry D. Ryan.*

Dodge, J. The character of the action that relator has attempted to institute in this case is thrown in considerable doubt both by his complaint and by the contentions in his brief. Apart from statute the only method known to courts for the trial of title to a public office, other than *prima facie,*

was at common law by writ of *quo warranto,* and is under our statutes by an action in the nature thereof prescribed and regulated by sec. 3466 *et seq.,* Stats. (1898). McCrary, Elections (4th ed.) §§ 393, 425. In this form of action, as is well understood, the court tries the true merits of the controversy, namely, whether the incumbent has been legally elected, not merely the question whether he has by the various other tribunals having to do with an election been decided to be so elected. The authorities are well-nigh universal that no other form of action is adapted to this end. High, Extr. Leg. Rem. (3d ed.) §§ 49, 619, 641; McCrary, Elections (4th ed.) §§ 386, 393, 397; *State ex rel. Anderton v. Kempf,* 69 Wis. 470; *State ex rel. Mercer v. Sullivan,* 83 Wis. 416, 53 N. W. 677; *State ex rel. Jones v. Oates,* 86 Wis. 634, 34 N. W. 226; *Deuster v. Zillmer,* 119 Wis. 402, 410, 97 N. W. 31; *Ward v. Sweeney,* 106 Wis. 44, 82 N. W. 169; *Moore v. Hoisington,* 31 Ill. 243; *Roberson v. Bayonne,* 58 N. J. Law, 325, 33 Atl. 734; *Updegraff v. Crans,* 47 Pa. St. 103; *People ex rel. Hodgkinson v. Stevens,* 5 Hill, 616. The obvious main purpose of the present action is to try and settle the title of the rival claimants to the office in question, although there are suggestions in the prayer of an attempt to invoke some of the peculiar remedies characterizing an equitable suit. No statute of this state authorizes any proceeding in court for contesting an election or otherwise to try title to an elective office except by *quo warranto. State ex rel. Rinder v. Goff,* 129 Wis. 668, 684, 109 N. W. 628. Hence we must conclude that such is the action here attempted.

Having so concluded, the action must, of course, find its limits and essential characteristics in ch. 149, Stats. (1898). The only authority for the action in that statute is found in sec. 3466, Stats. (1898), which, eliminating immaterial parts, authorizes it only "when any person shall usurp, intrude into, or unlawfully hold or exercise any public office."

But the complaint makes it entirely apparent that the defendant here has not done any of these things, although it alleges that he intends so to do under claim based on the certificate already issued to him. This is insufficient to satisfy the calls of the statute. Actual occupation and exercise of the office is an essential element by the statute and was at common law. *Rex v. Whitwell,* 5 T. R. 84; *Osgood v. Jones,* 60 N. H. 282, 288; *Sublett v. Redwell,* 47 Miss. 266, 278; *Roberson v. Bayonne,* 58 N. J. Law, 325, 33 Atl. 734; High, Extr. Leg. Rem. (3d ed.) § 627. This is confirmed by a reference to sec. 3468, Stats. (1898), which prescribes the essential elements of a complaint which seeks to attack the validity of an election and of any title to office predicated thereon, for in defining such situation it describes the defendant as one "in possession of the office in controversy under a certificate of election."

Further, it should be noted that under this same section are specifically required many allegations wholly wanting in this complaint, namely, the actual number of legal votes cast for each candidate, respectively; also the names of the persons whom relator claims voted illegally at said election for the defendant which were canvassed and in what such illegality consisted; also the election district where such votes were cast. None of these things are set forth in the complaint, except perhaps that as to the Indian votes the ground of illegality and the election district are stated, but such votes of themselves would not be sufficient to change the result. These statements of fact thus being imperatively required by the statute to be included, a complaint which fails to contain them is obnoxious to a general demurrer, even though the defendant be in occupation of the office. *Carpenter v. McCord L. Co.* 107 Wis. 611, 83 N. W. 764; *State ex rel. Leonard v. Rosenthal,* 123 Wis. 442, 102 N. W. 49.

For the reasons stated we must hold that the complaint does

not state facts sufficient to constitute any cause of action, and the demurrer should have been sustained.

*By the Court.*—Order from which appeal is taken reversed; and cause remanded with directions to sustain the demurrer.

·CASSODAY, C. J., took no part.

