STATE EX REL. DUESING, Appellant, VS. LECHNER, Respondent.

*May 11—June 22, 1925.*

*Quo warranto: When writ lies: Towns: Officers: Failure of holder of certificate of election to qualify: Rights of claimant to office: When he must qualify: Vacancy in office.*

1. Under a general demurrer, all material allegations of the complaint must be deemed as true. p. 407.
2. *Quo warranto* lies only against one who is in possession of an office, and not against one who merely lays claim to the office or who has never been admitted thereto. p. 407.
3. Where the holder of a certificate of election for the office of town chairman did not qualify as provided by sub. (4) (e) and (5), sec. 19.01, Stats., and within the time required by sub. (7), sec. 17.03, and a candidate claiming to be the duly elected officer failed for five days after such time to qualify or make any claim to the office, the town supervisors, under sec. 60.20, acted within their rights in declaring the office vacant and appointing the certificate holder thereto. p. 409.
4. The failure of the relator, who was a candidate claiming to be duly elected to the office, to allege that he made any attempt to qualify or made any claim to the office until after the appointment of defendant, which was made five days after the ten-day period within which the holder of the certificate of election might qualify had elapsed, rendered the complaint demurrable. p. 409.
5. One claiming to be elected to an office, but who does not hold the certificate of election, is not required to qualify during the ten-day period reserved for the holder of the certificate; but when the latter does not qualify within such period, the claimant must within a reasonable time thereafter. p. 409.

APPEAL from an order of the circuit court for Taylor county: G. N. RISJORD, Circuit Judge. *Affirmed.*

The appeal is from an order sustaining the demurrer of the defendant to the plaintiff's complaint.

The relator, *Duesing,* and the defendant, *Lechner,* were rival candidates at the election held on April 1, 1924, for the office of town chairman of the town of Chelsea, in Taylor county, Wisconsin. The complaint, among other things, alleges that the relator received more votes than the defendant and that he therefore was the successful candidate, but

that the inspectors of election erroneously and illegally issued a certificate of election to the effect that the defendant had received the majority of votes cast and was elected to said office, which certificate was filed in the office of the town clerk of said town; that notwithstanding the issuance of the certificate aforesaid, the defendant intentionally failed to qualify for said office within the time provided for by law, with the design of having the supervisors of said town declare a vacancy and to appoint him as such chairman; that on the 16th day of April, 1924, the supervisors of said town appointed the defendant as such chairman, and that he thereupon qualified as such officer, and ever since that time has been the incumbent of such office. The complaint further sets forth the names of eight alleged voters whose votes had been counted by the inspectors, and alleges that two of these voters were not qualified to exercise a franchise vote, and that the remaining six had not complied with the provisions of the statutes to entitle their votes to be counted, and that therefore the eight votes referred to were illegally cast, with the result that the defendant was given a majority in the canvass, and his name certified as the successful candidate.

The action is one of *quo warranto,* and in the prayer of the complaint the petitioner prays that the defendant be excluded from the office and the privileges and emoluments connected therewith, and that the relator be adjudged the duly elected officer at said election, and that he be invested with such office and its emoluments. The defendant interposed a general demurrer, which demurrer was sustained by the court.

*Oscar Rademacher* of Medford, for the appellant.

For the respondent the cause was submitted on the brief of *Herman Leicht* of Medford.

DOERFLER, J.  Sec. 60.20 of the Statutes, among other things, provides for the filing of an official oath within ten days after the election or appointment of a candidate or his notification thereof, if required, and also provides as follows: "The neglect to file such oath, or an official bond when

required, within the time prescribed therefor shall be deemed a refusal to serve in such office."

Sec. 17.03, Stats., among other things provides:

"Any public office, including offices of cities, villages and school districts, however organized, shall become vacant upon the happening of either of the following events: . . .

"(7) The neglect or refusal of any person elected or appointed . . . to any office to take and file his official oath or to execute or renew his official bond, if required, or to file the same or either thereof in the manner and within the time prescribed by law."

Under the provisions of sub. (4) (e), sec. 19.01, Stats., the oaths of all town officers·elected or appointed, except the town clerk, shall be filed in the office of the town clerk; and sub. (5) of sec. 19.01 provides: "Every public officer required to file an official oath or an official bond shall file the same before entering upon the duties of his office; and when both are required, both shall be filed at the same time."

Under the general demurrer herein interposed, all the material allegations of the complaint must be deemed as true. Defendant's counsel even goes further, and admits the actual truth of the allegations contained in the complaint. He takes the position that under the statutes above referred to a vacancy occurred in the office when the defendant failed to file his official oath within ten days after the election, ·and that the supervisors of the town thereafter were duly authorized to fill such vacancy by appointment; that in making the appointment when they did they acted fully within their rights, and performed a duty which was imposed upon them by law; that the complaint contains no allegation by which the relator asserted his title to the office prior to the making of the appointment, or that he offered to qualify by taking and filing his official oath, and that therefore it must be assumed that the supervisors performed their duty as required by statute when on the 16th day of April they appointed the defendant to the office in question.

The present action is one of *quo warranto,* and lies only against one who is in the possession of an office, and not against one who merely lays claim to the office, or who has

never been admitted thereto. *"Quo warranto* will not lie before the beginning of the term of office, but the taking of the oath of office within the time prescribed by law is a sufficient acceptance and user of the office to sustain the proceedings though the defendant has discharged no actual duties of the office." 22 Ruling Case Law, 664.

During the ten-day period in which under the statute the defendant should qualify by filing his oath, there was no incumbent of the office; therefore *quo warranto* proceedings could not be prosecuted. During this ten-day period, while this certificate was outstanding and in force, the defendant was the person who, under the presumption created by law, was entitled to the office. Under these circumstances, the filing of an oath by the relator within this period would have been a mere idle ceremony. *State ex rel. Ackerman v. Dahl,* 65 Wis. 510, 27 N. W. 343; *People ex rel. Finnegan v. Mayworm,* 5 Mich. 146; *People ex rel. Benoit v. Miller,* 16 Mich. 56; *Little v. State,* 75 Tex. 616, 619, 12 S. W. 965.

When, however, the ten-day period had expired, the defendant had forfeited all rights to the office under the election, and from that time on nothing whatever stood in relator's way to prevent him from qualifying by filing his oath and from assuming his official duties. In other words, the time during which the filing of an official oath by relator would be deemed an idle ceremony had passed. The complaint contains no allegation to the effect that such official oath was ever filed or attempted to be filed, or that any one prevented the relator from taking the necessary steps for qualification for the office, or that the defendant or the supervisors of the town, or any other person or persons, by fraud or illegal means, interfered with and obstructed him in taking the necessary proceedings to qualify; nor is there any allegation pleaded in the complaint in the nature of an excuse for plaintiff's failure to qualify or to attempt to qualify.

While the authorities above cited hold that the ten-day period provided for by statute acts as a limitation upon the one who holds the certificate of election, there is no statute that has come to our notice which fixes the time within which the candidate who is actually the successful one may qualify

after the expiration of this period. It assuredly cannot be the law that the successful candidate, under such circumstances, can bide his own time; for if this be so, then he can wait for six months or the greater portion of the year, during which time the office would be vacant and the official duties would be unperformed. A public office is created by law, not for the benefit of the officer but for the public. In other words, the performance of the functions of a public office is of greater importance to the public than the alleged right of any man to an office. When the supervisors of the town, therefore, on the 16th day of April, declared the office of chairman vacant, the situation presented was as follows: The ten days during which the defendant could qualify had already elapsed. The legislature had fixed the ten-day period as a reasonable time within which one who had the certificate of election could qualify. Both the defendant and the relator must be presumed to have knowledge of the law. Not being required to file his oath during this ten-day period, the relator would necessarily and impliedly have a reasonable time thereafter within which to qualify. The supervisors of the town waited a period of five days beyond the ten-day period and no oath of office was filed by the relator, nor was there any attempt whatsoever made to assume the duties of the office, nor was there any claim made by him that he was entitled to the office. The complaint contains no allegation that the relator was not at all times aware of the illegal votes cast. Under such circumstances it would appear, and the legal presumption is, that the members of the town board discharged a clear duty imposed upon them by law. To have permitted a longer period of time to elapse before filling the vacancy would have laid the members of the board liable to a charge of failure to perform the duties imposed upon them by law. The complaint does not even allege that at any time prior to May 14th, when it was verified, the relator made any attempt whatsoever to qualify, or that he made any claim whatsoever to the office.

We have read carefully the cases above cited, some of which are referred to in the brief of the relator. The facts in these cases are radically different from those involved

herein. In the *Dahl Case* the relator attempted to qualify by furnishing a satisfactory bond, which the clerk arbitrarily refused to approve. In the *Mayworm Case* the defendant held the office under the certificate of election. This was likewise so in the *Miller* and the *Little* cases, *supra*. No case that we have been able to· find in the books presents a situation on the facts similar to the one here involved.

From the foregoing we conclude that the order of the circuit court must be affirmed.

*By the Court.*—It is so ordered.