STATE EX REL. BAXTER, Appellant, vs. CITY OF SUPERIOR and another, Respondents: SLEEMAN, Intervening Defendant.

*June 5—June 24, 1929.*

360

For the appellant there was a brief by *Fridley & Crawford* of Superior, and oral argument by *Clarence R. Fridley*.

*L. R. M'Pherson* for the respondent city of Superior, and *John C. Fritschler* for the intervening respondent, Sleeman, both of Superior.

FRITZ, J.   In their brief plaintiff's counsel say:

"We attempted to frame the complaint so that an action at law of the character formerly known as *quo warranto* is combined with an action for equitable relief, our idea being that if there is a legal remedy it must be that formerly known as *quo warranto,* and if there is no legal remedy then a court

of equity has jurisdiction to inquire into the validity of these proceedings and give such relief as may be proper in the premises."

At the outset it should be noted that, generally speaking, "Elections belong to the political branch of the government and are beyond the control of judicial power in the absence of special statutory authorization." 20 Corp. Jur. p. 209.

"It is customary to provide as part of the machinery of elections a statutory procedure by which contests as to the result of elections may be determined. It has been held that consideration of a contest of an election is a judicial function only in so far as it is made such by special statute, or at least that a proceeding to contest an election is not an action at law or a suit in equity, but is a purely statutory proceeding unknown to the common law. . . . In short, the jurisdiction of the court, the mode of procedure before and at trial, and the whole contest, are purely statutory. Such statutory proceedings are special and summary in their nature, and generally a strict observance of the statute so far as regards the steps necessary to give jurisdiction is required, and the jurisdictional facts must appear on the face of the proceedings." 9 Ruling Case Law, p. 1157.

In *State ex rel. Lochschmidt v. Raisler,* 133 Wis. 672, 674, 114 N. W. 118, the court said:

"Apart from statute the only method known to courts for the trial of title to a public office, other than *prima facie,* was at common law by writ of *quo warranto,* and is under our statutes by an action in the nature thereof prescribed and regulated by sec. 3466 *et seq.* Stats. 1898. McCrary, Elections (4th ed.) §§ 393, 425. . . . The authorities are wellnigh universal that no other form of action is adapted to this end. (Citations.) . . . No statute of this state authorizes any proceeding in court for contesting an election or otherwise to try title to an elective office except by *quo warranto.*"

In so far as the plaintiff attempted to state a cause of action in the nature of *quo warranto,* the facts alleged are insufficient, because it does not appear that there has been any

actual usurpation or intrusion by any person into any public office, or any wrongful holding or exercise of any public office by any person. Until there has been such unlawful occupancy or exercise of the office by an intruder or usurper, *quo warranto* will not lie. Thus, in *State ex rel. Duesing v. Lechner,* 187 Wis. 405, 407, 204 N. W. 478, the court said:

"The present action is one of *quo warranto,* and lies only against one who is in the possession of an office, and not against one who merely lays claim to the office, or who has never been admitted thereto."

Likewise, the court in *State ex rel. Lochschmidt v. Raisler, supra* (pp. 675, 676), after concluding that the relator in that case attempted to state an action of *quo warranto,* said:

"Having so concluded, the action must, of course, find its limits and essential characteristics in ch. 149, Stats. 1898. The only authority for the action in that statute is found in sec. 3466, Stats., which, eliminating immaterial parts, authorizes it only 'when any person shall usurp, intrude into, or unlawfully hold or exercise any public office.' But the complaint makes it entirely apparent that the defendant here has not done any of these things, although it alleges that he intends so to do under claim based on the certificate already issued to him. This is insufficient to satisfy the calls of the statute. Actual occupation and exercise of the office is an essential element by the statute and was at common law." (Citations.)

Consequently, so far as an action of the character of *quo warranto* is concerned, plaintiff's allegations are insufficient. On the other hand, an action for equitable relief, for the purpose of contesting the results of an election, can be maintained only when necessary to protect an incumbent from imminent danger of being forcibly dispossessed by an adverse claimant.

In *Ward v. Sweeney,* 106 Wis. 44, 48–50, 82 N. W. 169, the court said:

"Neither is it necessary to decide whether, in any case, a court of equity may intervene by injunction to protect one or

the other of contending claimants for an office in possession and enjoyment thereof. On that subject the states differ radically. . . . (Citations.) Suffice it to say upon the general subject that it is a field which courts of equity should enter with their drastic injunctions with great hesitation. . . . The law has provided machinery by the orderly progress of which the election and certification of public officers are to be had, and to those tribunals has delegated both the authority and power to act. If that machinery is inadequate to protect the rights of the people, it is for them, through the medium of their legislature, to correct its defects; and neither the authority nor the duty is upon the courts to seek to supply them. The legislature has not said that, in case of a contest in the forms prescribed by statute, nor even in case of proceedings by *quo warranto,* the officer whom the machinery of the law has declared by its certificate entitled to the office shall refrain from exercising its functions, and for a court to assume to so declare trenches closely upon the function of the legislature. . . . We do not say that a court may not protect him who by the statutory machinery is placed in the office against violent disturbance or usurpation by another having not the *prima facie* right, but that it must be a clear and urgent case in which the judiciary should feel obliged to supplement the methods and guards provided by the legislature."

Although Justices MARSHALL and BARDEEN dissented from the decision of the majority of the court in *Ward v. Sweeney, supra,* in *Ekern v. McGovern,* 154 Wis. 157, 142 N. W. 595, Mr. Justice MARSHALL said, in relation to that dissent:

"The writer, with the late Justice BARDEEN, dissented from the decision of the court so far as it might be regarded as holding that equity will not freely protect a *de facto* officer from imminent danger of being forcibly dispossessed by an adverse claimant in an effort to settle his right by wager of battle, and so far as it was held that the power to grant injunctive protection, under all circumstances, is referable to the statute and so not proper except as ancillary to an action to try title." Page 197.

Subsequently, during the course of his opinion in *Ekern v. McGovern, supra,* Mr. Justice MARSHALL summarized the scope and limitation of the decision in *Ward v. Sweeney, supra,* as follows:

"We may now safely restrict *Ward v. Sweeney* to this: (a) The court will not recognize a controversy as to title to an office as a primary right constituting a proper major subject for adjudication in equity. (b) The right in such a case being strictly legal, as a primary matter, it must be dealt with by legal remedies. (c) The right of a *de facto* officer to remain in undisputed possession of an office as opposed to forcible efforts of an adverse claimant to gain possession, until the *de jure* right of the latter shall have been judicially established, is a proper primary subject for equitable vindication with all the judicial instrumentalities essential to that end. (d) Whether the circumstances in any given case are such as to render use of the injunctive power of the court advisable or demandable, is matter of administration and not of power." Page 203.

As in the case at bar there is no "impending or imminent danger of forcible efforts of an adverse claimant to gain possession," the complaint fails to state any cause of action for equitable relief under the principles recognized in *Ekern v. McGovern, supra.* It follows that, whether to the complaint there is applied the test of the essential elements of an action in the nature of *quo warranto,* or of the essential elements of an action for equitable relief, the facts alleged are insufficient to constitute a cause of action in either respect.

The learned circuit judge properly sustained the demurrer of the city of Superior and the city clerk to the complaint, and likewise properly granted the intervening defendant's motion for judgment on the pleadings. The judgment must therefore be affirmed.

*By the Court.*—Judgment affirmed.