HENNING, Plaintiff-Respondent, v. VILLAGE OF WATERFORD, Defendant-Appellant: GRAF, Defendant.

*No. 75–428. Submitted on briefs March 30, 1977.—*
*Decided June 1, 1977.*
(Also reported in 253 N.W.2d 893.)

182

For the appellant the cause was submitted on the briefs of *James F. Bremer*, village attorney, of Waterford; and *Stewart G. Honeck*, special counsel, of Milwaukee.

For the respondent the cause was submitted on the brief of *Michael F. Dubis* of Waterford.

HEFFERNAN, J. The action is one for declaratory judgment to try the title to office of Robert Graf, who had been appointed a village trustee and board member of the Village Board of Waterford. Because we conclude that the action is one maintainable only as *quo warranto*, of which the county court has no subject matter jurisdiction, we vacate the judgment and order the dismissal of the complaint.

The plaintiff, Arthur W. Henning, was elected president of the Village of Waterford defeating Robert Graf, who had been the incumbent president. The new term for village trustees and for village president commenced on April 15, 1975.

On April 14, 1975, while Graf remained in office as village president, a member of the village board, Martin Bakke, resigned. The outgoing board appointed Graf, who apparently would otherwise have been obliged to leave the board, as the trustee to fill Bakke's vacancy, effective on April 15, 1975. Graf was administered the oath as village trustee on April 15, 1975.

Henning brought an action against the Village of Waterford and Robert Graf by complaint dated April 17, 1975, for a declaratory judgment that the election of Graf was null and void and for a judgment restraining Graf from holding office or exercising any of the functions as village trustee.

The county judge restrained Graf from holding office as village trustee and from performing any functions during the pendency of the action.

The complaint alleged that the appointment of Graf was a nullity because no vacancy existed at the time of Graf's appointment, the outgoing board had no authority to make an appointment effective *in futuro* after its powers had ceased, Graf had illegally voted for his own appointment to office, and Graf as an incumbent was ineligible to an additional appointment. It was also alleged that the appointment was contrary to public policy, Wisconsin statutes, and village ordinances.

After a submission to the court on affidavits for summary judgment, the trial judge held that the appointment of Robert Graf was invalid, costs were assessed against the Village of Waterford, and judgment was entered on June 24, 1975.

Appeal has been taken by the village from the judgment for costs. Graf did not appeal.

We have no reason to doubt the correctness of the trial judge's holding; however, we conclude that the action, exclusively cognizable in *quo warranto,* was beyond the subject matter jurisdiction of the trial court. Because the court was without jurisdiction, the appeal is dismissed, with directions to vacate the judgment and dismiss the action.

Chapter 294, Stats., provides for actions of *quo warranto.* Such remedy is made specifically available for the trial of title to office. The Statutes provide:

"294.04 When action may be brought. (1) . . . .
"(2) Such action may be brought in the name of the state by a private person on his own complaint when the attorney general refuses to act or when the office usurped pertains to a county, town, city, village, school district or vocational, technical and adult education district."

Sec. 294.02, Stats., provides in part:

"294.02 When and how tried. Actions of quo warranto . . . shall be tried at special as well as at general terms of the *circuit court* . . . ." (Emphasis supplied.)

While jurisdiction of *quo warranto* is conferred upon the circuit court, it is specifically excluded from the jurisdiction of the county court.

Sec. 253.11(1), Stats., provides in part:

"253.11 Civil Jurisdiction. (1) Except as otherwise provided . . . the county court has jurisdiction . . . of all other civil actions and special proceedings of all kinds concurrent with the circuit court except actions for . . . quo warranto . . . ."

Sec. 262.04(1), Stats., provides in part:

"262.04 Jurisdictional requirements for judgments against persons, status and things. (1) Jurisdiction of subject matter required for all civil actions. A court of this state may entertain a civil action only when the court has power to hear *the kind of action brought*. The power of the court to hear the kind of action brought is called 'jurisdiction of the subject matter.' [It] is conferred by . . . statutes of this state . . . ; it cannot be conferred by consent of the parties. . . ." (Emphasis supplied.)

Thus, sec. 294.04(2), Stats., defines the action to try title to a village office as *quo warranto*. That "kind of action" is cognizable as a matter of subject

matter jurisdiction only by the circuit court. For the county court to hear and decide this kind of action was beyond its jurisdiction.

Both parties to this appeal rely on *Boerschinger v. Elkay Enterprises, Inc.*, 26 Wis.2d 102, 132 N.W.2d 258, 133 N.W.2d 333 (1965). That case holds that *quo warranto* is the exclusive remedy to try title to office, except in circumstances where the question of the right to hold office is ancillary to the principal object of an action for declaratory judgment.

*Boerschinger* stated that ". . . *quo warranto* is the proper and exclusive remedy to try title to office." (at 109) The court therein reviewed respected authorities which permit the trial of title to office by declaratory judgment and modified the Wisconsin rule that mandates *quo warranto* as the exclusive remedy, by permitting the question of the right to hold office to be tried by declaratory judgment when that question is subsidiary to the principal question posed in the action. The court in *Boerschinger* said:

"Without belaboring this opinion with additional citations of authority, we perceive no adequate reason why the ancillary question of title to office should not be tried in an action for declaratory judgment.

"We, therefore, withdraw the language of any prior opinion that can be construed to hold that *quo warranto* is the *exclusive* remedy to try title to office where that issue is ancillary to the principal cause of action for declaratory judgment." (at 114)

In the instant case the question of title to office was not ancillary to any question triable in a declaratory judgment action. It was the only issue, and was therefore cognizable only in an action for *quo warranto*.

We are familiar with the numerous cases and authorities that indicate that the subject matter of the

remedy of *quo warranto* may be brought in a declaratory judgment action. Without exception, however, those cases and authorities brought to our attention permit declaratory judgment because the common law requirement that *quo warranto* be brought by the attorney general limits the availability and adequacy of that remedy. Borchard, *Declaratory Judgments*, 2d ed., p. 362; 1 Anderson, *Declaratory Judgments*, 2d ed., sec. 195, p. 385; *United States v. Machado*, 306 F. Supp. 995 (N.D. Cal. 1969).

That objection to *quo warranto* is irrelevant in Wisconsin, where a *quo warranto* can be brought by a private citizen upon the attorney general's refusal to commence the action. See sec. 294.04(2), Stats., *supra*.

Also there are cases where exclusivity of *quo warranto* was urged, but that remedy was found to be inadequate,[1] and declaratory judgment was, therefore, permitted.

It is apparent that *quo waranto* brought in the circuit court would have afforded an adequate, complete, and speedy remedy to the plaintiff in respect to the only question at issue, Graf's right to hold office.

We recognize that modern concepts of forms of action and of the jurisdiction of trial courts are in derogation of strict compartmentalization of either. This court recognizes that the county courts' judgments are of equal dignity with those of the circuit courts, but juris-

---

[1] E.g., *Recall Bennett Committee v. Bennett*, 196 Ore. 299, 249 P.2d 479 (1952), where the question was not title to office, but the duties of the election clerk prior to election to office. In that case, *quo warranto* in respect to a candidate's right to office after election would come too late to advise the clerk of his duties in placing a name on the ballot. This problem has no relationship to the problem posed in the case *sub judice*.

dictional limits have been placed on the county courts by the legislature. There is no jurisprudential or philosophical reason why trial to title to office cannot be accomplished as adequately by declaratory judgment in the county court as by *quo warranto* in the circuit court. The legislature, however, has not conferred concurrent jurisdiction on the county court.

The question, then, is not for decision by this court. The legislature has defined the action of *quo warranto* and has vested the subject matter jurisdiction of that "kind of action" exclusively in the circuit court. Our holding in *Boerschinger* permitting title to office to be tried, when it is ancillary and subsidiary to the principal issues, in a declaratory judgment action would appear to represent the outer limits, under the statutes, of this court's latitude in permitting the bringing of *quo warranto* under the guise of declaratory judgment.

Here the jurisdictional error consists of bringing what was clearly and exclusively *quo warranto* in a court that, by statute, had no subject matter jurisdiction.

Accordingly, we are obliged to dismiss the appeal, and we direct the county court to vacate the judgment *in toto* and to dismiss the complaint.

*By the Court.*—Appeal dismissed, and cause remanded with directions to vacate the judgment and dismiss the complaint.