STATE of Wisconsin EX REL. Gerald J. SHROBLE, Plaintiff-Appellant,

v.

Norman PRUSENER, City of Whitewater and County of Walworth, Defendants-Respondents.†

Court of Appeals

*No. 92–3288. Submitted on briefs March 30, 1993.—Decided June 9, 1993.*

(Also reported in 503 N.W.2d 301.)

†Petition to review filed.

657

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Russell W. Devitt* and *David P. Honan* of *Soffa & Devitt* of Whitewater.

On behalf of the defendants-respondents, Norman Prusener and Walworth County, the cause was submitted on the brief of *Charles H. Bohl* and *Pamela M. Schmidt* of *Frisch Dudek, Ltd.* of Milwaukee.

On behalf of the defendant-respondent, City of Whitewater, the cause was submitted on the brief of *Martin W. Harrison* of *Allen, Harrison, Williams, McDonell & Swatek* of Whitewater.

Before Nettesheim, P.J., Brown and Snyder, JJ.

BROWN, J.    Gerald J. Shroble appeals an order dismissing his *quo warranto* action claiming that Norman Prusener illegally holds the office of county supervisor. The trial court held that sec. 9.01, Stats., Wisconsin's recount statute, provided the sole means by which to challenge Prusener's right to hold office. Because Shroble did not ask for a recount within the statutory three-day period, the trial court found that his remedy had expired. Because *quo warranto* challenges the legality of a person's title to office while recount reexamines the voting or canvassing process, and because Shroble complains that Prusener illegally holds office, we reverse and remand.

The facts are taken from the amended complaint since this is an appeal from a grant of a motion to dismiss, and in such cases, we take the facts in the complaint as though they were true. *Voss v. City of Middleton*, 162 Wis. 2d 737, 748, 470 N.W.2d 625, 629 (1991). Shroble and Prusener ran against each other for Walworth County Supervisor, District Ten. After the election on April 7, 1992, Prusener was declared the winner by twenty-four votes. Shroble did not seek a recount pursuant to sec. 9.01, Stats.

On April 23, 1992, Shroble was advised by representatives of the city of Whitewater and Walworth county that mistakes had been made in tabulating the election results and, instead of losing the election, Shroble had won by nineteen votes.

Section 9.01(1)(a), Stats., mandates that persons seeking a recount must petition within three business days "following the last meeting day of the municipal or county board of canvassers determining the election for that office." However, until the time that Shroble received the April 23 letter from the board of canvassers, Shroble was unaware that any mistakes had been

659

made. Shroble gave this as the reason why he did not seek a recount within three days after election officials declared Prusener the victor. He observed that sec. 59.03(3)(a), Stats., requires that a county supervisor in this state must be "elected." He alleged that Prusener has not been elected. He further alleged, *inter alia*, that *quo warranto* is the proper remedy. He asked the trial court to order that Prusener be "excluded" from that office in favor of Shroble and that Prusener, the city and the county be responsible for damages, costs and attorney's fees.

We start with the maxim that voting is a constitutional right. WIS. CONST. ART. III, § 1. Because sec. 59.03(3)(a), Stats., requires county supervisors to be elected, it follows that Wisconsin law cannot be read so as to impair public confidence in the integrity of the electoral process. *See McNally v. Tollander,* 100 Wis. 2d 490, 505, 302 N.W.2d 440, 447–48 (1981).

None of the respondents quarrels with this right, but they claim that the proper remedy is to seek a recount, not to bring a *quo warranto* action. This requires us to interpret both the *quo warranto* statute, ch. 784, Stats., and the recount statute, sec. 9.01, Stats. Interpretation of statutes is a question of law. *In re K.N.K.*, 139 Wis. 2d 190, 199, 407 N.W.2d 281, 286 (Ct. App. 1987). We determine questions of law *de novo* without deference to the trial court. *Id.* When two or more statutes are involved, we seek to construe them so that they are harmonious. *See State v. Fouse,* 120 Wis. 2d 471, 477, 355 N.W.2d 366, 369 (Ct. App. 1984).

Section 784.04, Stats., states in pertinent part:

**(1)** An action may be brought . . . upon the complaint of any private party, against the parties offending in the following cases:

**(a)** When any person shall usurp, intrude into or unlawfully hold or exercise any public office. . . .[1]

We read this statute to unambiguously say that private persons can bring a *quo warranto* action when any person unlawfully holds public office. When a person with less than the plurality of the votes holds public office instead of the person who really has the plurality of the votes, the person holding office is doing so illegally. Arguably, the *quo warranto* statute would appear to apply in this case.

The recount statute, sec. 9.01, Stats., states in pertinent part:

**(1)** PETITION; FEES; GENERAL PROCEDURES. (a) Any candidate voted for at any election . . . may request a recount. The petitioner shall file a verified petition . . . not later than 5 p.m. on the 3rd business day following the last meeting day of the municipal or county board of canvassers determining the election for that office . . . . Each verified petition shall state . . . that the petitioner is informed and believes that a mistake or fraud has been committed in a

---

[1] The statute also says that this action may be brought by the attorney general in the name of the state either upon his or her own information or upon the complaint of any party. The city of Whitewater argues that a private person can only bring this action if the attorney general does not act after being asked to first consider bringing the action. That is not a correct interpretation of the law. The supreme court held in *Boerschinger v. Elkay Enterprises, Inc.*, 26 Wis. 2d 102, 110, 132 N.W.2d 258, 262 (1965), that a private person can maintain proceedings in the name of the state without first applying to the attorney general and then, only after obtaining refusal, bring the action.

specified ward or municipality . . . or shall specify any other defect, irregularity or illegality in the conduct of the election.

. . . .

**(11)** EXCLUSIVE REMEDY. This section constitutes the exclusive judicial remedy for testing the right to hold elective office as the result of an alleged irregularity, defect or mistake committed during the voting or canvassing process.

Section 9.01(1)(a) unambiguously applies to that candidate who believes there is an irregularity, defect or mistake *in the conduct of the election.* If that candidate has reservations about the *conduct,* then the sole remedy is to seek a recount within three business days of the last meeting of the board of canvassers. Further, sec. 9.01(11) concerns irregularities, defects and mistakes *committed during the voting or canvassing process.*

Based upon the clear language of the recount and *quo warranto* statutes, we hold that *quo warranto* challenges the title of a person holding public office. Recount is the candidate's sole remedy when it is informed and believes that the votes were tabulated wrongfully either by irregularity, defect or mistake.

To illustrate this difference, we refer to the case law. *Quo warranto* has been held to be the proper remedy when the election is over, the defendant is in actual occupation and exercise of the office and is not merely laying claim to it. *See generally, State ex rel. Lochshmidt v. Raisler,* 133 Wis. 672, 114 N.W. 118 (1907). While the statute at the time of *Lochshmidt* described the defendant as one "in possession of the office in controversy under a certificate of election," and our present statute does not have this language, the

present statute does speak of the defendant turning over "all books and papers in the defendant's custody or power belonging to the office." Section 784.09, Stats. We think actual occupation is still a prerequisite for *quo warranto*.

In fact, *Lochshmidt* involved a candidate claiming irregularities in the vote tabulation. At the time the case was decided, there was no procedure available to recount votes before the alleged winner actually took office. The first recount statute was promulgated in 1909. Section 94(2), ch. 488, Laws of 1909. The only procedure available at the time was *quo warranto*, which can only be claimed *after* a person has assumed the office. The recount statute would obviously have provided the remedy that the claimant in *Lochshmidt* wanted, but was unavailable.

Other cases also support the concept that *quo warranto* involves the person's title to office. *State ex rel. Fugina v. Pierce,* 191 Wis. 1, 209 N.W. 693 (1926), involved a sitting county judge. *State ex rel. Attorney General v. Messmore,* 14 Wis. 125 (1861), involved a sitting circuit court judge. *State ex rel. Brister v. Weston,* 241 Wis. 584, 6 N.W.2d 648 (1942), concerned sitting board of education members. *Boerschinger v. Elkay Enterprises, Inc.,* 26 Wis. 2d 102, 132 N.W.2d 258 (1965), involved claims that persons were illegally acting as town supervisor and town building inspector. *Henning v. Village of Waterford,* 78 Wis. 2d 181, 253 N.W.2d 893 (1977), involved whether a sitting board trustee was legally appointed.

Finally, we observe that statutes must be construed so as to avoid unconstitutionality. *Betthauser v. Medical Protective Co.,* 172 Wis. 2d 141, 150, 493 N.W.2d 40, 43 (1992). If the only way to litigate a per-

son's title to public office was by recount, then officeholders who were not *really* elected by the people could continue to sit for want of someone having filed a recount claim in three days. That result would unconstitutionally impact upon the electorate's right to expect the winning person to hold the office. [2] The electorate's remedy at common law was *quo warranto* and that remedy has been codified in ch. 784, Stats. *Quo warranto* remains with us today and stands alongside our recount statute for a reason. Each statute addresses different concerns.

We anticipate that respondents might argue the following: if the only difference between *quo warranto* and recount is that the former means the person has taken office while the latter means the person has not, then candidates can circumvent the recount statute by simply waiting until the elected candidate takes office. That argument would be a misconstruction of this opinion. The law appropriately provides that testing the irregularity of the conduct of the proceedings cannot be accomplished if the demand for the recount is not made within the three-day period. A candidate could not, therefore, wait until the announced winner had taken office before complaining about the *conduct* of the election.

█

Here, Shroble is not litigating whether the conduct of the proceedings, meaning the counting of the votes, was irregular. Rather, he is alleging that the board of canvassers told him he was the actual winner *after* the

[2] We believe it is appropriate to note here that the trial court only reluctantly held for the respondents in this case. The trial court said in pertinent part: "I don't like it at all when it looks like voters get disenfranchised. . . . It's a decision I don't like . . . . [I]t's very seldom I say this, but I hope I'm wrong."

canvassing had been completed. In other words, the issue is not a recounting of the beans; instead, the issue is what are the true *results* of the bean count. No more canvassing or vote tabulating takes place at this point. It comes down to whether the election officials will testify that indeed Shroble was the winner and whether their testimony is credible. We reverse and remand for that purpose.[3]

*By the Court.*—Order reversed and cause remanded.

---

[3] Should Shroble be successful in proving that Prusener unlawfully holds the office, then sec. 784.09, Stats., entitles Shroble to assume the execution of office. Further, secs. 784.11 and 784.13, Stats., allow damages and costs. The parameters of these latter two statutes are beyond the scope of this opinion.